UNITED STATES, Appellant

v

LIONEL A. BOLLING, Airman Second Class,
U. S. Air Force, Appellee

10 USCMA 82, 27 CMR 156

No. 12,201

Decided December 19, 1958

*Captain Lawrence J. Gross* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

*Lieutenant Colonel Philip J. Williamson* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel Sam F. Carter.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was found guilty of wrongful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a bad-conduct discharge, partial monthly forfeitures, and confinement at hard labor for six months. Subordinate reviewing authorities approved, but a board of review set aside the findings and sentence and ordered a rehearing based upon its conclusion that, having been obtained as a result of an illegal search, "the physical evidence and accused's pretrial statement obtained thereby were improperly received in evidence to the material prejudice of the accused's interests." The Acting The Judge Advocate General of the Air Force then certified the record to this Court for a determination of the following issues:

"a. Was the Board of Review correct in holding the search illegal under all the facts and circumstances of this case?

"b. If the above question is answered in the affirmative, was the Board of Review correct in holding that the pretrial statement of the accused was not admissible in evidence?

"c. If the answer to both of the above questions is in the affirmative, was the Board of Review correct in ordering a rehearing?"

The facts giving rise to this controversy are as follows: On the morning of April 7, 1958, a bay orderly was

sweeping a communal room in an Air Force barracks. The room was used by occupants of the building to store excess property and personal belongings, and there were some ten or fifteen bags deposited in the area at that time. While performing his aforementioned duties the orderly noticed an unmarked open duffle bag lying on the floor. He intended to hang it on one of the hooks designated for that purpose but noticed some cigarettes therein which he concluded contained marihuana. He set the bag to one side, completed his chores, and then notified the first sergeant by telephone of his discovery. The first sergeant proceeded to the barracks, picked up the bag, carried it to a secure place, and telephoned for an Office of Special Investigations agent. The agent reported in response to the call, opened the bag, searched it, and extracted the marihuana cigarettes therefrom. During the course of the search, he noticed certain letters addressed to the accused. Subsequently, the accused was contacted and, after a proper warning as required by Article 31, Uniform Code of Military Justice, 10 USC § 831, made a statement admitting ownership of the cigarettes. Relevant evidence established that they were peculiarly rolled and filled with marihuana. The principal defense at trial was predicated on the theory that the real evidence was obtained as a result of an unlawful search and seizure and the pretrial statement was the fruit of that alleged unlawful act by the Government's agents.

At the board of review level, the accused relied on his trial hypothesis and the board reached the conclusion that, while the seizure was reasonable, the search was unreasonable. Appellate counsel for the defense argue vigorously against our appraisal for they contend the import of the board's decision was that both the search and the seizure were unreasonable and unlawful. However, a close reading of the opinion will establish the board found affirmatively that the action of the first sergeant in seizing the property was reasonable under the circumstances without regard to his knowledge of the ownership of the duffle bag. From that finding it proceeded on to state that the sole question was whether the search was legal. To remove all doubt about the question, we independently conclude the seizure was legal for the following reasons: The room where the bag was located was open and used by all occupants of the barracks. The bay orderly's presence there was in the performance of his duties, and he was in no sense a trespasser. He observed what he concluded —and rightly so—were marihuana cigarettes and he promptly notified the first sergeant of his discovery. The sergeant testified he seized the property to prevent its removal or disposal. Contrary to the contention now asserted, at the trial level defense counsel sought to establish the fact that the first sergeant had no need to seize the bag because he knew the accused was the owner and was aware of the fact the latter was on duty where he could not return and dispose of the contraband. On the other hand, the Government contended the identity of the owner was uncertain and it was necessary for the sergeant to seize the property to prevent its removal or destruction. While it appears to us that on appeal the parties may have changed their theories, we need not resolve these conflicting hypotheses. We believe that when it appears to a noncomissioned officer, clothed with power to supervise the discipline of a command, that marihuana—the possession of which is presumed unlawful and which can be easily concealed or removed—is located in a common area within the command clearly visible to anyone who happens to look, he acts reasonably in seizing the contraband. Particularly is this so if it reasonably appears to him someone might obtain possession of the drug while he seeks permission to act.

In United States v Rhodes, 3 USCMA 73, 11 CMR 73, we announced the following principle which we believe apropos here:

". . . The office desk, the object searched, was military property safely within the ambit of the direct responsibility of the officer who conducted the search. The latter was

84

the superior officer of the accused. He had been informed reliably and officially that there was good reason to believe that the accused was engaged in an unlawful enterprise. Indeed, had Captain Meltz taken no action after having received intelligence of the accused's alleged misconduct, disciplinary proceedings might properly have lain against him. It is quite true, of course, that the Captain could have elected to report the matter to his commanding officer, Colonel Stanton, and to have requested authority to effect the search in fact made. However, in our opinion, he was not required to follow this latter course. The search was in no sense general and exploratory, but instead was narrowly restricted in scope, purpose, and physical area. It was, therefore—under all of the circumstances, including the exigencies of the military service—entirely reasonable."

In deciding the search was unreasonable, the board cites and relies largely upon the doctrine announced by the District Court for the District of of Columbia in United States v Scott, 149 F Supp 837. In that instance the District Court Judge held that agents of the Federal Government could not seize property without obtaining a warrant even though it was lawfully discovered by observation. We need not conclude whether we agree or disagree with the rationale of that case, for we find it inapposite in this setting. There a motion was made to suppress the evidence and, after finding the seizure was illegal, the court granted the motion. Obviously, if property is illegally seized, it cannot be retained by the Government and used as evidence; but this case poses the converse of that situation. Here the board of review properly held the seizure was reasonable and proper, and so we are confronted with a contention that the agents of the Government may not screen the contents of an open bag lawfully in their custody to separate legally possessed property from contraband.

Contrary to the board of review, we find that searching through the duffle bag under the conditions then existing was reasonable. Having lawfully taken possession of the property, and knowing it contained a narcotic, there was a duty upon the military authorities to segregate the contraband property from the personal effects of the owner of the bag and impound the prohibited material. This would necessitate some search to make certain all cigarettes and their residue were removed. The fact that in the course of performing this duty the accused's name was noticed on certain letters is only incidental to the real purpose of the search. Under the present state of the record, we have no way of knowing whether his identity was obtained from an address on a letter or whether the bag was known to have belonged to him prior to the search. There is a substantial showing that the first sergeant was notified the bag belonged to the accused at the time of the telephone call from the bay orderly. There is a dispute in that testimony but if that be the true state of facts and if ownership of the bag was known prior to the search, then the information on the letters would merely be cumulative. However, assuming they alone furnished the lead as to the identity of the offender, we find no illegality in the manner in which the information was obatined. There is no contention made that the investigating agent exceeded the bounds of reason in looking at all the property in the bag. The information he obtained was readily available to anyone who would be merely seeking to segregate the contraband from those goods which were legal. His activities were limited in scope and character and, so far as this record discloses, his search was narrowed to a legitimate purpose. We, therefore, conclude that the search was reasonable and the cigarettes were properly admitted in evidence.

Accordingly, the first certified question is answered in the negative. That answer makes any discussion of the two remaining questions immaterial. The decision of the board of review is reversed and the record is returned to

**85**

The Judge Advocate General of the Air Force for reference to a board of review for action not inconsistent with this opinion.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result.