**PALO ALTO TENANTS' UNION, an unincorporated association, et al., Plaintiffs-Appellants,**

**v.**

**George MORGAN et al., Defendants-Appellees.**

**No. 71-1656.**

United States Court of Appeals, Ninth Circuit.

Nov. 13, 1973.

---

---

Norton Tooby (argued), Romines, Wolpman, Tooby, Eichner, Sorensen & Constantinides, Menlo Park, Cal., Legal Aid Society of San Mateo County, Redwood City, Cal., American Civil Liberties Union, San Francisco, Cal., for plaintiffs-appellants.

Peter G. Stone, City Atty., Robert K. Booth, Jr., Senior Asst. City Atty. (argued), Palo Alto, Cal., for defendants-appellees.

Before MERRILL and BROWNING, Circuit Judges, and ANDERSON, District Judge.[*]

PER CURIAM:

Plaintiffs-appellants have brought this action under the civil rights and declaratory judgment statutes, 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2202. They challenge as unconstitutional certain zoning laws of the City of Palo Alto, Municipal Code §§ 18.04.210 and 18.88.-050, defining "R-1" or "single family residential" neighborhoods. Section 18.-04.210 defines "family" to mean "one person living alone or two or more persons related by blood, marriage or legal adoption, or a group not exceeding four persons living as a single housekeeping unit." Plaintiffs-appellants sue on behalf of themselves as well as all others who constitute groups of unrelated persons in excess of four who inhabit dwellings in "R-1" neighborhoods in the City of Palo Alto. They seek an injunction against enforcement of the ordinances. The District Court denied injunctive relief, finding the ordinances to be constitutional and rendered judgment for defendants-appellees. Its opinion appears at 321 F.Supp. 908. From that judgment this appeal is taken.

On appeal plaintiffs-appellants rely on Boraas v. Village of Belle Terre, 476 F. 2d 806 (2d Cir. 1973), in which case the Supreme Court has noted probable jurisdiction. 414 U.S. 907, 94 S.Ct. 234, 38 L.Ed.2d 145 (1973). In that case the ordinance of the Village of Belle Terre limited occupancy of single family dwellings to traditional families or to groups of not more than two unrelated persons. This ordinance was held to be a classification unconstitutionally discriminating against unrelated groups in excess of two persons. In our view the opinion in that case expressly serves to distinguish the ordinances in the case before us. Here the District Court noted: "[T]he fact [is] that the average size of even the traditional family is *less* than four members * * *." 321 F.Supp. at 912. In the *Belle Terre* case the court stated, with reference to the ordinance before it:

> " * * * [I]f it were aimed at maintaining population density at the level of traditional family units, it would not limit the number of unrelated occupants to two (2) persons per one-family dwelling, which admittedly is smaller than the size of the average family. Assuming such a purpose, a more permissive ordinance would suffice." 476 F.2d at 817.

---

[*] Honorable J. Blaine Anderson, United States District Judge for the District of Idaho, sitting by designation.

For the reasons set forth by the District Court in its opinion we agree that plaintiffs-appellants' attack on the constitutionality of the ordinances must fail.

Judgment affirmed.