[Crim. No. 27488. Second Dist., Div. One. June 30, 1976.]

In re TERRY W., a Person Coming Under the Juvenile Court Law.
CLARENCE E. CABELL, as Acting Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
TERRY W., Defendant and Appellant.

## COUNSEL

Cedric Sarnoff, under appointment by the Court of Appeal, for Defendant and Appellant.

Wilbur F. Littlefield, Public Defender, Harold E. Shabo and Laurance S. Smith, Deputy Public Defenders, as Amici Curiae on behalf of Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Penina S. Van Gelder, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—This appeal from an adjudication of delinquency pursuant to Welfare and Institutions Code section 602 asserts that there should be a judicially declared evidentiary privilege exercisable by a child to prevent disclosure by his parent of communications made in the course of the parent-child relationship. Concluding that the privilege is not constitutionally required and is contrary to express statute, we affirm the adjudication.

The home of Ernest Long was burglarized. The only evidence connecting Terry W. with the crime is his confession to his mother. The confession was received in evidence over the objection of Terry's trial counsel on the ground of a "parent-child privilege" analogous to the attorney-client bar to disclosure of confidential communications.[1] Terry was adjudicated a delinquent ward of the juvenile court and this appeal followed.

Evidence Code section 911 states: "Except as otherwise provided by statute" no person has a privilege to refuse to be a witness, no person has a privilege to refuse to disclose any matter or to refuse to produce physical evidence, and no person has a privilege that another shall not be a witness or disclose matter or produce physical objects. ▮▮▮ No statute declares a parent-child privilege. On its face, section 911 thus validates the juvenile court's action receiving Terry's confession in evidence.

Terry, through counsel and with the support of an amicus brief, argues that as applied to the situation of communications between a parent and

---

[1] The mother did not claim a "parent-child privilege."

child, Evidence Code section 911 violates the federal and California Constitutions by impinging upon the right to counsel and the privilege against self-incrimination while also invading the penumbra of the right of privacy. He argues, also, that the compulsion upon a parent to testify against his child violates fundamental fairness and the purpose of the juvenile court law. The arguments, while persuasive that perhaps some sort of parent-child privilege should be created (see Coburn, *Child-Parent Communications: Spare the Privilege and Spoil the Child,* 74 Dick. L.Rev. 599), do not establish that the privilege is constitutionally compelled or that it exists by statutory construction.

Terry's contention of the existence of the parent-child privilege as ancillary to the right to counsel is based upon *People* v. *Burton* (1971) 6 Cal.3d 375 [99 Cal.Rptr. 1, 491 P.2d 793]. There our Supreme Court held that a request by a minor to see his parents made in the course of a custodial interrogation was the equivalent of an assertion of the *Miranda* right to counsel so as to preclude further questioning. *People* v. *Burton,* however, does not equate communication to and advice from a parent with communication to and advice from an attorney. It says only that, in the case of a minor, the natural manner in which to claim a reluctance to respond to custodial interrogation is a request for help from a parent or guardian. (6 Cal.3d at p. 382.)

■ There are undoubtedly situations where a communication from child to parent falls within the attorney-client or other professional privilege. Where, for example, the communication to the parent is to further the child's interest in communication with, or is necessary for transmission of information to, a lawyer (Evid. Code, § 952), a physician (Evid. Code, § 992), or a psychotherapist (Evid. Code, § 1012), the communication is protected by the pertinent statutory privilege. Nothing in the record at bench leads to such a conclusion, however. ■ The confession occurred after counsel was appointed for Terry, and no claim was made in the juvenile court that Terry's statement to his mother was intended for communication to his counsel or to a physician or psychotherapist.

■ The argument that disclosure of the communication violates the privilege against self-incrimination runs afoul of the principle that the privilege is inapplicable to incriminatory statements made to persons unconnected with government. ■ The assertion of a penumbral right of privacy which protects all intra-family communication from compelled disclosure strives to reach new ground which a court of our

level is unwise to scout. To date, the penumbra is limited to the relationship of husband and wife. (*Griswold* v. *Connecticut* (1965) 381 U.S. 479 [14 L.Ed.2d 510, 85 S.Ct. 1678].) Attempts to expand its dimensions to such areas as homosexual relationships (*Doe* v. *Commonwealth's Attorney* (1976) 403 F. Supp. 1199, affd. 425 U.S. 901 [47 L.Ed.2d 751, 96 S.Ct. 1489], the members of communes (*Palo Alto Tenants Union* v. *Morgan* (N.D.Cal. 1970) 321 F.Supp. 908, affd. (9th Cir. 1973) 487 F.2d 883), the source-newsman relationship (*Branzburg* v. *Hayes* (1972) 408 U.S. 665 [33 L.Ed.2d 626, 92 S.Ct. 2646]), and communications between client and accountant (*Fisher* v. *United States* (1976) 425 U.S. 391 [48 L.Ed.2d 39, 96 S.Ct. 1569]) have proved unsuccessful.

That the problem is one which should be addressed legislatively rather than judicially is emphasized by unanswerable questions whether the "privilege" should be that of parent, child, or both, how the "privilege" may be waived, and what exceptions, if any, to the "privilege" should exist.

■ The arguments of Terry's counsel and the amicus brief dealing with statutory construction are also not persuasive. In essence, they assert that the purpose of the juvenile court law in preserving the family relationship and in encouraging intra-family communication require that a child-parent evidentiary privilege be implied. Sound statutory construction, however, mandates that the express provisions of Evidence Code section 911 control.

One area of doubt remains. In *People* v. *Coleman* (1975) 13 Cal.3d 867, 889 [120 Cal.Rptr. 384, 533 P.2d 1024], our Supreme Court has impliedly determined that the Evidence Code does not always mean what it says. Expressly basing its finding on other than constitutional grounds and not mentioning Evidence Code section 351's mandate that "Except as otherwise provided by statute, all relevant evidence is admissible," the high court has declared a rule that in the case of a defendant currently on probation who is charged with a crime which is both a violation of the conditions of his probation and independently punishable, testimony given and statements made in a probation revocation hearing which precedes prosecution for the new crime are not admissible in the subsequent trial on the new offense. ■ *Coleman* is based upon the supervisory power of the Supreme Court over the judicial process. (*Id.,*

at p. 888.) That power is not ours to exercise in the face of an express statute.

The judgment (order) is affirmed.

Wood, P. J., and Hanson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 26, 1976.