[L.A. No. 31239. July 10, 1980.]

JESSE RICHARD DE LOS SANTOS, a Minor, etc., et al.,
Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
ZED WILLIAM ROBINSON et al., Real Parties in Interest.

## COUNSEL

David B. Bloom and Dolin & Rothman for Petitioners.

No appearance for Respondent.

Omansky, Lyden & Lazarus, Leonard Harvey Lazarus, Hillsinger & Costanzo, Foster Furcolo and Ramune E. Barkus for Real Parties in Interest.

## OPINION

**MOSK, J.**—Section 952 of the Evidence Code provides that the confidentiality of a communication between client and lawyer is preserved if the client reveals the information to a third person to whom disclosure is "reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted." We

are called upon in this proceeding to decide whether statements by a minor to his guardian ad litem made in the course of preparing answers by the minor to interrogatories or to respond to requests for information from his lawyer in preparing for trial come within the lawyer-client privilege.

Nine-year-old Jesse Richard De Los Santos was injured when the bicycle he was riding collided with a vehicle. He filed an action seeking damages for personal injuries against the driver of the vehicle and its owner, and he joined in the suit the manufacturer and seller of the bicycle, claiming that the bicycle was defective. The action was brought in Jesse's name by his mother, Sandra De Los Santos, as his guardian ad litem; she also joined in the suit on her own behalf to recover the cost of past and future medical care for Jesse resulting from his injuries.

In the course of preparation for trial, defendants submitted interrogatories to Jesse. Defendants also deposed Mrs. De Los Santos, and questioned her about statements that Jesse had made to her regarding the circumstances of the accident and the condition of the bicycle at the time of the accident.[1] With one exception[2] Jesse's statements to his mother regarding these matters were made in response to questions she had asked him at the request of his attorney, either for the purpose of answering the interrogatories posed by defendants or to assist the attorney in preparing the case for trial.

Mrs. De Los Santos refused to answer on the ground that the questions sought to elicit information that was a confidential communication between attorney and client. (Evid. Code, § 950 et seq.) The trial court granted defendants' motion to compel answers, by an order which provided that Jesse's mother "must answer questions relating to statements made by her son and conversations with her son except those made and had solely in the presence of his and her attorney and members of his staff." Jesse and his mother petition for a writ of mandate to compel the trial court to prohibit discovery of the information sought by defendants and to issue a protective order. (See *O'Brien* v. *Superior Court* (1965) 233 Cal.App.2d 388, 391-392 [43 Cal.Rptr. 815].)

---

[1] Among the questions asked of Jesse's mother at the deposition were whether Jesse had ever told her how the accident happened and whether she had ever asked Jesse if he had trouble stopping the bicycle at any time before the accident.

[2] While Jesse was in the hospital after the accident he said to his mother, "The van hit me."

We conclude that the petitioners are entitled to the relief requested. The information in issue was privileged as a matter of law in that it was a confidential communication between lawyer and client, despite the fact that Jesse disclosed the information to his mother in her capacity as his guardian ad litem.

In analyzing the issues involved, we consider whether the information which defendants sought is of a privileged nature; if so, whether the privilege was lost because Jesse communicated the statements to his mother; and finally whether the privilege was waived by Jesse's answers to certain interrogatories.

■ The lawyer-client privilege protects from disclosure the confidential communications between a client and his attorney. (Evid. Code, § 954.) ■ In her capacity as guardian ad litem Mrs. De Los Santos is the holder of the privilege, and she was authorized to assert it on Jesse's behalf. (Evid. Code, § 953, subd. (b).) Thus, she was entitled to refuse to answer the questions put to her by defendants if the information requested was subject to the privilege (Code Civ. Proc., § 2016, subd. (b); Evid. Code, § 954, subd. (a)) and the privilege was not waived.

■ Since Jesse's statements to his mother were made in response to questions she asked at the request of his attorney either for the purpose of preparing Jesse's answers to the interrogatories or to assist the attorney in preparation for trial, the statements were clearly given in the course of a lawyer-client relationship. Nor can it be doubted that they were intended to be confidential. Under section 917 of the Evidence Code there is a presumption that a communication between client and lawyer is in confidence, and the opponent of the claim of privilege has the burden of proving otherwise.

Defendants have not met this burden. They appear to contend that because Jesse's statements were designed for use in answering interrogatories, the intention was to disclose them to others and hence they were not confidential.

■ As with statements made to an attorney in preparing to testify at trial, however, statements made by a client to his lawyer for the purpose of answering interrogatories cannot be said to lose their confidential

character on the ground they were designed to be communicated by the attorney to others. It is only the testimony at trial in the one case and the answers to the interrogatories in the other that are intended to be communicated to others. To hold that such an intent is commensurate with a waiver of the privilege would completely destroy the privilege whenever a client sought to litigate his case. There would be no opportunity left for the full disclosure and open discussion between lawyer and client that the privilege exists to promote. (*Glade* v. *Superior Court* (1978) 76 Cal.App.3d 738, 743 [143 Cal.Rptr. 119]; *People* v. *Flores* (1977) 71 Cal.App.3d 559, 563 [139 Cal.Rptr. 546]; *Gonzales* v. *Municipal Court* (1977) 67 Cal.App.3d 111, 118 [136 Cal.Rptr. 475].)[3]

■ We come, then, to the question whether Jesse's mother may assert the privilege on his behalf despite the fact that he revealed to her the information requested by defendants. We emphasize in this connection that Jesse and his mother do not claim that she may withhold the information on the basis of a privilege for communications between parent and child; indeed, they concede for purposes of this proceeding that there is no parent-child privilege in this state (see *In re Terry W.* (1976) 59 Cal.App.3d 745, 747-749 [130 Cal.Rptr. 913]) and we therefore do not address the issue. They assert, however, that Mrs. De Los Santos, in her capacity as guardian ad litem, is a third party to whom communication was "reasonably necessary for the transmission of the information [to the lawyer] or the accomplishment of the purpose for which the lawyer [was] consulted" under section 952 of the Evidence Code. We find this contention persuasive.

■ Section 372 of the Code of Civil Procedure provides that a minor must appear in litigation by a guardian or conservator of his estate or a guardian ad litem appointed by the court. The statute represents a recognition by the Legislature that whenever a minor is involved in litigation, his rights cannot be protected unless a guardian ad litem or a similar representative acts for him. The guardian ad litem is an officer of the court, and he has the right to control the lawsuit on the minor's

---

[3]The cases cited by defendants in support of their argument that Jesse's statements to his mother were not made in confidence are inapposite. They rely, for example, on *Solon* v. *Lichtenstein* (1952) 39 Cal.2d 75, 79-80 [244 P.2d 907], in which the attorney-client privilege was held not to apply to a statement of a client to his attorney that he would leave certain property to the plaintiff in exchange for her promise to care for it after the death of the client, who expressly requested the attorney to determine if the plaintiff would agree to such an arrangement. There was no evidence of such a request by Jesse in the present case.

behalf. Among his powers are the right to compromise or settle the action (Code Civ. Proc., § 372), to control the procedural steps incident to the conduct of the litigation (*Cloud* v. *Market Street Ry. Co.* (1946) 74 Cal.App.2d 92, 101-103 [168 P.2d 191]), and, with the approval of the court, to make stipulations or concessions that are binding on the minor, provided they are not prejudicial to the latter's interests (*Robinson* v. *Wilson* (1974) 44 Cal.App.3d 92, 99-107 [118 Cal.Rptr. 569]).

 In view of the sweeping powers enjoyed by the guardian ad litem in the conduct of the case, he should be apprised of matters which the minor communicates to the attorney for the purpose of prosecuting or defending the action. Whether the guardian obtains such knowledge by his presence at consultations between the attorney and the minor or by securing the information from the minor for transmission to the attorney is of no consequence. The disclosure to the guardian is unquestionably necessary for the transmission of the information to the attorney or the accomplishment of the purpose for which he is consulted, and is therefore protected by the statutory privilege.

This protection does not depend on the age of the minor, as has been suggested. The Legislature has determined that a minor requires a guardian ad litem to protect his interests throughout the period of his minority; in view of this determination and the important role of the guardian in the conduct of the litigation, disclosure by the minor to the guardian is protected under section 952 whether the minor is seven or seventeen years of age.

Our conclusion that the lawyer-client privilege protects Jesse's statements to his mother is consistent with *Grosslight* v. *Superior Court* (1977) 72 Cal.App.3d 502 [140 Cal.Rptr. 278]. There a minor was sued for personal injuries, and her parents were joined as defendants on the theory that they had knowledge of her propensity for violence and did not exercise adequate control over her. Statements made by the parents about the minor to the personnel of a psychiatric hospital, which the plaintiff surmised might contain admissions by the parents that they had knowledge of their daughter's potential for violence, were held to come within the psychotherapist-patient privilege. (Evid. Code, § 1014.) The court reasoned that such statements were made for the purpose of furthering the minor's interest in communicating with the therapist and to facilitate diagnosis and treatment of the minor, even though there

was no factual showing to that effect. (Accord, *In re Terry W., supra*, 59 Cal.App.3d at p. 748.)

Defendants suggest that Mrs. De Los Santos may have withheld adverse comments by Jesse regarding the accident because of a personal interest in the action since she is also suing in her individual capacity to recover her medical expenses for Jesse's injuries. They further hint that they may name her as a cross-defendant. But there is no requirement in the statute that the person who transmits the client's remarks to the attorney must be wholly disinterested in the action. In *Grosslight* it was recognized that the parents would be benefited by exercise of the privilege, yet it was held that the primary beneficiary would be the minor patient. (72 Cal.App.3d at p. 507.)

Defendants next urge that not all the statements made by Jesse to his mother regarding the circumstances of the accident were protected from disclosure because Mrs. De Los Santos may have failed to communicate some of his remarks to his lawyer. Such unreported comments were not communications between lawyer and client, they argue, and Jesse's guardian ad litem should be compelled to reveal them. But defendants cite no authority for the proposition that in order to retain confidential status statements by a client to his lawyer through an agent or other authorized intermediary must be rendered literally by the intermediary to the lawyer. The privilege belongs to the client, and it is his intent to make a confidential communication to his lawyer that controls. ■ We hold, therefore, that the lawyer-client privilege protects the statements made by Jesse to his mother for the purpose of transmission to his lawyer whether or not all his remarks were communicated in full to the latter.

Finally, defendants maintain that the right to claim the privilege was waived as to conversations between Jesse and his mother about defects in the bicycle because Jesse answered interrogatories regarding such defects, and these answers were verified by his mother as guardian ad litem. Section 912 of the Evidence Code provides that the privilege is waived with respect to a communication if the holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to such disclosure by anyone. Defendants confuse the answers given by Jesse to the interrogatories with the conversations between Jesse and Mrs. De Los Santos upon which the answers were based. As we point out above, however, neither by testifying nor by an-

swering interrogatories posed to him does a client waive the confidentiality of conversations with his lawyer leading up to the formulation of those answers.

Let a writ of mandate issue as prayed.

Bird, C. J., Tobriner, J., Clark, J., Richardson, J., Manuel, J., and Newman, J., concurred.