**UNITED STATES**

v.

**Sergeant Patricia J. LANDES, FR 568–86–0650 United States Air Force.**

**ACM 24175.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 Oct. 1983.

Decided 27 March 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Kevin L. Daugherty.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

Appellate defense counsel invite this Court to create a "parent-child privilege" by holding that the trial judge erred in allowing the accused's daughter to testify she saw her mother use and possess marijuana.[1] Appellate counsel acknowledge

---

1. The accused was convicted of various drug offenses involving marijuana, cocaine, amphetamines and peyote. She was sentenced to a bad conduct discharge, confinement at hard labor

there was no objection at trial to the child's testimony, but urge that the issue is of such paramount importance, i.e., preserving the sanctity of the family unit, that the doctrine of waiver should not be invoked. Mil.R.Evid. 103(a)(1).

The function of an appellate court is to review justiciable issues, and while we may be intellectually stimulated by an interesting academic question there is no need to address it when the issue is not preserved for appeal.[2] *See generally United States v. Leslie*, 11 M.J. 131 (C.M. A.1981); *United States v. Aletky*, 16 U.S. C.M.A. 536, 27 C.M.R. 156 (1967); *United States v. Thompson*, 2 U.S.C.M.A. 460, 9 C.M.R. (1953); *see also* Mil.R.Evid. 204(a) and 311(a)(1). Since the error asserted by the accused is not justiciably ripe, we think it a wise exercise of judicial discretion to defer addressing it.

Additionally, the accused maintains that the record does not establish beyond a reasonable doubt that she used and possessed peyote, a controlled substance. The evidence as to these allegations is provided by Melissa Simmons, a friend and member of the accused's household. Ms. Simmons, whose familiarity with peyote was based on personal experience, testified that the accused used peyote by chewing a part of the plant and by drinking the juice that was obtained by boiling the plant. Simmons said the accused and her boy friend got the peyote from a local park. The accused denied using peyote or knowing it was in the house.

The law is clear that the identity of a drug may be proved by the testimony of a witness who, though not an expert in the technical sense, has established a familiarity with the substance. *United States v. Evans*, 16 M.J. 951 (A.F.C.M.R.1983), and cases cited therein. The record indicated that Ms. Simmons had practical experience with peyote and its effect on the user. True, her testimony that the accused used peyote was disputed, but this is a question for the fact-finder who was the military judge sitting alone. Proof beyond a reasonable doubt does not require the evidence be free of conflict. The weight and credibility to be afforded a witness's testimony lies with the fact-finder. Weighing all the evidence and giving proper consideration to the trial judge who heard and saw the witnesses, we are convinced of the accused's guilt beyond a reasonable doubt. Article 66(c), U.C.M.J., 10 U.S.C. § 866; *see United States v. Combest*, 14 M.J. 927 (A.C.M.R.1982), *pet. denied*, 15 M.J. 324 (1983). For the reasons stated the findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MILLER, Judge, concur.

---

for one year, forfeiture of $382.00 per month for 12 months, and reduction to airman basic.

**2.** In their briefs, both appellate counsel concede that current Rules have no specific provisions for a "parent-child privilege." As would be expected both have different views as to the developing case law and what it portends. The interested practitioner might profit from the following authorities: *In re Matthews*, 714 F.2d 223 (2d Cir.1983); *United States v. Jones*, 683 F.2d 817 (4th Cir.1982); *In re Grand Jury Proceedings (Starr)*, 647 F.2d 511 (5th Cir.1981); *United States v. Penn*, 647 F.2d 876 (9th Cir.1980); *In re Grand Jury Proceeding Witness: Mary Agosto, et al.*, 553 F.Supp. 1298 (D.Nev.1983); *Three Juveniles v. Commonwealth*, 390 Mass. 357, 455 N.E.2d 1203 (1983); *State v. Bruce*, 655 S.W.2d 66 (Mo.App.1983); *People v. Fitzgerald*, 101 Misc.2d 712, 422 N.Y.S.2d 309 (1979); *Re Application of A*, 61 A.D.2d 426, 403 N.Y.S.2d 375 (1978); *Cissna v. State*, 170 Ind.App. 437, 352 N.E.2d 793 (1976); *In re Terry*, 59 Cal.App.3d 745, 130 Cal.Rptr. 913 (1976).