UNITED STATES

v.

**Airman First Class Phillip A. KING, FR 415–96–0196, United States Air Force.**

ACM S26242.

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 Sept. 1983.

Decided 20 April 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Major Conrad C. Baldwin, Jr., and Colonel Anthony C. Vance, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Kevin L. Daugherty.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Contrary to his pleas the accused was convicted of distributing and possessing marijuana—these offenses allegedly occurred approximately two months apart. The punishment extends to a bad conduct discharge, confinement at hard labor for two months, forfeiture of $382.00 per month for two months, and reduction to airman basic.

I

Since the accused challenges the sufficiency of the evidence, some recitation of the facts is required. The central figure of the alleged distribution of marijuana that took place 13 May 1983 is Airman First Class Bell, an Office of Special Investigations (OSI) informant. Bell, whose background is not untarnished,[1] testified that he was told the accused could provide marijuana. He relayed this to the OSI and was instructed to attempt a "buy." The accused was contacted at the barracks and a meeting was arranged. Bell left his duty section about 1200 hours and before seeing the accused met with the OSI who did a "strip search" of him and a search of the white 1978 Olds Cutlass he was driving; he was given $100.00 for the "buy," and followed to the place where the accused would be waiting. An OSI agent, positioned about ½ mile away and using binoculars, saw a black male in fatigues standing near a tan compact car which appeared to be a Subaru or Toyota. This agent saw Bell arrive and enter the tan car; Bell later

emerged and drove away. A short time later Bell released approximately 26.7 grams of marijuana to the OSI. He stated the accused has sold him the marijuana for $100.00.

On 13 May, the accused was assigned dormitory duties and wore fatigues. The lunch period was 1100–1200 hours, and it was customary to have a roll call at 1200 hours; this meeting usually lasted 5–10 minutes, but could be longer. Neither the dormitory manager nor the dormitory chief could remember if the accused was present at the 1200 meeting on 13 May.

A little over two months later, 19 July 1983, the accused's 1978 tan Subaru was searched, with his consent, by OSI agents. A search of the ashtray disclosed the remnants of a handrolled cigarette which field-tested[2] positive for THC, an active ingredient of marijuana. The material found in the cigarette was consumed by the field test.

The accused denied he sold Bell marijuana on 13 May, and testified he was in the barracks at 12 o'clock attending the regularly scheduled roll call. On cross-examination he admitted that he had earlier stated he was with his girl friend in Portales, New Mexico, when the offense allegedly took place; he maintained, however, he later checked his shop records and concluded he was performing dormitory duties on base during the period in question. Additionally, the accused offered evidence that Bell lacked credibility and could not be believed under oath.

II

The main thrust of the accused's argument is that Bell is an admitted thief and general all around no-good person; that his testimony should be totally rejected; and that without Bell's testimony there is not proof beyond a reasonable doubt.

---

1. Bell related he began "cooperating" with the OSI after the civilian police questioned him about larceny of a neighbor's stereo; while Bell considered it to be a practical joke between friends, the civilian authorities viewed it as a fourth degree felony. Additionally, Bell had

been given an Article 15 for the larceny of $60.00 the OSI had given him for a drug "buy."

2. The Becton-Dickinson test was used by the OSI agents.

When the crucial issue must be resolved in terms of essentially a "one on one confrontation," corroborative evidence of guilt is a factor to be heavily weighed. *United States v. Pastor*, 8 M.J. 280 (C.M.A.1980). Here the informant Bell and his car were searched prior to the "buy;" he was followed to the prearranged meeting place where a person fitting the accused's general discription was waiting. An automobile of the same year, make and color of one belonging to the accused was parked nearby. After Bell arrived both he and a fatigue-clad black male entered the parked car. Thereafter Bell left the parked car and drove his own car to a prearranged location, again followed by law enforcement agents, where he released a packet of marijuana[3] to them. Thus there appears to be ample corroborative evidence that the accused provided Bell with marijuana.

▮▮ Turning now to the assertion that Bell's status as an informant creates a reasonable doubt as to the accused being the source of the marijuana alleged in Specification 1 of the Charge, we note that informants are competent witnesses at courts-martial. Their use by law enforcement officials is wide spread in drug cases and is an accpeted and necessary practice. *United States v. Harms*, 14 M.J. 677 (A.F.C.M.R.1982). The weight and credibility given an informant's testimony is a matter for the determination by the court members, and as stated by the Army Court of Military Review in *United States v. Combest*, 14 M.J. 927 (A.C.M.R.1982), at page 931:

> The degree of credibility to which an informant is entitled, like any other witness, is dependent upon the influences and inducements he may have to swerve from the truth, his moral character, bias and any interest he may have in the outcome. Consistent and credible testimony by an informant is sufficient by itself to support a conviction on a narcotics charge. (Citations omitted).

The members had before them consistent and credible testimony that the accused distributed marijuana to a government informant on 13 May 1983. *United States v. Teeter*, 12 M.J. 716 (A.C.M.R.1981). Granted, the accused testified he was elsewhere when the drug transaction took place, but proof beyond a reasonable doubt does not require that the evidence be free of conflict. *United States v. Landes*, 17 M.J. 1092 (A.F.C.M.R.1984). Weighing all the evidence and giving proper consideration to the fact-finders who heard and saw the witnesses, we are convinced beyond a reasonable doubt as to the accused's guilt of this offense. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Radford*, 14 M.J. 322 (C.M.A.1982).

### III

▮▮ As to the remaining specification we reach a different conclusion as to the evidence. To sustain a conviction for possession of marijuana it must be established beyond a reasonable doubt that the accused had conscious knowledge of its presence. *United States v. Hughes*, 5 U.S.C.M.A. 374, 17 C.M.R. 374 (1954). Under the facts of this case we are simply not convinced beyond a reasonable doubt that the accused had the requisite knowledge that marijuana was present in the ashtray of his automobile. *Accord United States v. Wilson*, 7 M.J. 290 (C.M.A.1979); *see United States v. Avant*, 42 C.M.R. 692 (A.C.M.R.1970). Accordingly, Specification 2 of the Charge is dismissed.

### IV

▮▮ Appellate defense counsel urge that the approved sentence is inappropriate given the accused's record, his desire to remain in the Air Force, and his eagerness to enter the retraining program. We think not. The accused stands convicted of distributing a significant amount of marijuana. In our view a sentence which includes a punitive discharge is entirely appropriate

---

**3.** In police parlance the above discribed procedure is a "controlled buy;" so called because the individual making the purchase is under the operational control of the accompanying police officers.

for his misconduct. The remaining assigned errors have been examined and are resolved adversely to the accused. *United States v. Goode*, 50 U.S.C.M.A. 1, 1 M.J. 3 (1975); *United States v. Dickerson*, 15 M.J. 753 (A.F.C.M.R.1983).

The findings of guilty, as modified, and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MILLER, Judge, concur.