UNITED STATES

v.

Senior Airman Bryan O. BURNS, FR 213–84–5643, United States Air Force.

ACM 26300.

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 June 1987.

Decided 19 Jan. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Captain Henry J. Schweiter and Major Robert L. Frazier, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Marc Van Nuys.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The appellant was convicted of multiple drug offenses involving amphetamine and cocaine. The crucial witness against him was Sergeant Mark C. Baker, a government informant and admitted drug abuser, who testified that on 21 January 1987, he made a controlled buy of cocaine from a third party at the appellant's residence and that later the appellant snorted a portion of the drug. Baker also stated he made additional controlled buys from the appellant, on 26 January 1987 and 13 February 1987. He testified he purchased cocaine and a substance which he identified as amphetamine but which was not. The appellant emphatically denied any drug involvement and attempted to impeach Baker by establishing that Baker had a reputation for not being truthful and was biased toward him.

Baker testified on both direct and cross-examination about his own illegal liquor sales. Appellate defense counsel argue that the trial judge erred by refusing to allow a defense witness to testify about Baker's admissions concerning his violations of state liquor laws. The appellant claims this testimony touched on "Baker's professed motivations for acting as an informant."

Baker stated that he began helping military police investigators after his illegal liquor purchasing scheme at the base package store was uncovered. Apparently, he was buying liquor on credit and selling it to civilians off base at very low prices. The State Liquor Control Agency suspected him of bootlegging. During the military and civilian investigations, Baker identified the appellant as an individual who used and distributed drugs and agreed to make controlled buys from him.

The appellant offered evidence of Baker's use of racial epithets to show Baker's prejudice toward blacks. Airman First Class Cheatham and Airman First Class Price testified in support of this proposition. Cheatham, whose testimony was ultimately disallowed by the trial judge, stated that during a "disagreement" with Baker, the latter accused him of lying and said, "If

[I] ever [see] you on base [I will] kick [your] black ass." Trial defense counsel unsuccessfully argued that this exchange established the bias of Baker, who is white, against the appellant, who is black. In reversing his earlier ruling admitting the testimony, the trial judge stated that while Baker's remark to Cheatham displayed anger, it did not establish prejudice toward blacks as a group. Price testified, without objection, that he also had argued with Baker and that during one argument Baker told him he had friends in the "Aryan Nation" who "could straighten [him] out" if he [Price] did not treat him better. Price took Baker's remark to mean that he had friends in a "white supremacy group."

In *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the United States Supreme Court made it clear that a witness' bias is "always relevant as discrediting the witness and affecting the weight of his testimony." This form of impeachment was formerly contained in paragraph 153 subd. b(2)(d) of the 1969 Manual for Courts–Martial and is now found in Mil.R.Evid. 608(c) which states:

(c) *Evidence of Bias.* Bias, prejudice, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by evidence otherwise adduced.

■ The trial judge has wide discretion in limiting inquiries into the potential bias of witnesses. A judge need not permit testimony on topics of very slight or marginal relevance simply because bias or prejudice might be disclosed. *United States v. Dadanian,* 818 F.2d 1443 (9th Cir.1987). The test for abuse of discretion where the trial judge has limited testimony on bias is whether the factfinder had sufficient other information, without the excluded evidence, to make a discriminating appraisal of the possible biases and motivations of the witnesses. In other words, has a reasonably complete picture of the witness' apparent prejudices been developed? *United States v. Tracey,* 675 F.2d 433 (1st Cir.1982); *United States v. Fortes,* 619 F.2d 108 (1st Cir.1980).

■ We find no clear abuse of discretion under the facts before us. Baker's involvement in the liquor sales scam was adequately presented to the military judge who heard the case in a bench trial. Further, Baker's alleged prejudice toward blacks was sufficiently addressed through Price's testimony so that the trial judge could have drawn the appropriate inferences regarding Baker's bias or motive for testifying. *United States v. Calle,* 822 F.2d 1016 (11th Cir.1987).

■ The use of informers in drug cases is an accepted and necessary practice. *United States v. Harms,* 14 M.J. 677 (A.F.C.M.R.1982). Where the crucial issue is essentially a "one on one confrontation," corroborative evidence of guilt is a factor to be weighed. *United States v. King,* 17 M.J. 1099 (A.F.C.M.R.1984). Here, the drug abuse allegations were supported by evidence obtained from controlled buys. The weight and credibility given an informant's testimony are matters to be determined by the factfinder. After assessing all the evidence, including Sergeant Baker's testimony, the trial judge found the appellant guilty of the offenses charged. We also are convinced beyond a reasonable doubt. Article 66(c), U.C.M.J., 10 U.S.C. § 866(c). The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.