76 Cal.Rptr.2d 95 (1998)
64 Cal.App.4th 1496
REGENCY HEALTH SERVICES, INC., Petitioner,
v.
The SUPERIOR COURT of Los Angeles County, Respondent;
Lois Faye Settles, an Incompetent Person, etc., Real Party in Interest.
No. B117928.
Court of Appeal, Second District, Division Two.
June 24, 1998.
Beach, Procter, McCarthy & Slaughter, Thomas E. Beach, Phyllis J. Bryan, Ventura, Greines, Martin, Stein & Richland, Kent L. Richland, Beverly Hills, Brian J. Wright, Los Angeles, Barbara W. Ravite, Beverly Hills, and Barbara S. Perry, Los Angeles, for Petitioner.
No appearance for Respondent.
Houck & Balisok, Russell S. Balisok and Steven C. Wilheim, Toluca Lake, for Real Party in Interest.
*96 ZEBROWSKI, Associate Justice.
The question in this case is whether a guardian ad litem for an incompetent plaintiff has the duty and authority to verify interrogatory responses on behalf of the plaintiff. The plaintiff argues first that a guardian ad litem has no such duty or authority. Second, the plaintiff argues that since the plaintiff herself is legally incompetent to verify the responses, no one can respond to defendant's interrogatories. From this purported lack of any person capable of responding, plaintiff concludes that an incompetent plaintiff has no duty to respond to interrogatories at all.[1] The trial court agreed with plaintiff and entered a protective order relieving plaintiff of her obligation to respond. Defendant then petitioned this court for a writ
A guardian ad litem is an officer of the court appointed to represent a ward in litigation, and to protect and promote the ward's interests. Part of that protective function involves ensuring that the ward complies with the ward's legal obligations. Every litigant has a legal obligation to comply with the provisions of the Civil Discovery Act of 1986. (Code Civ. Proc., § 2016 et seq.) Responding to interrogatories is one of those obligations, and no exemption is provided for litigants represented by guardians. Ensuring that the defendant's interrogatories are properly answered is one of the duties of a guardian ad litem, and the plaintiff should not have been granted a protective order relieving her of the obligation to respond. The writ sought by defendant will therefore be granted.

I. FACTUAL AND PROCEDURAL SUMMARY
Plaintiff Lois Settles alleges that she was injured while a patient at two nursing facilities operated by defendant Regency Health Services, Inc. On plaintiffs application, a guardian ad litem was appointed for her.[2] Regency propounded interrogatories, and plaintiff moved for a protective order that she be relieved from responding. The bases for plaintiffs motion were 1) that plaintiff is incompetent and therefore legally disabled from verifying interrogatory responses, 2) that the guardian is not a party and is therefore purportedly not legally competent to respond to discovery, and 3) that the guardian is purportedly prohibited from responding to discovery because to do so might bind the plaintiff to specific factual or legal contentions.
In granting plaintiffs motion, the trial court stated that "Answers to interrogatories... must be under oath and signed by the party to whom they are directed. [CCP §§2030(g) ...]." (Underlining in original.) Apparently concluding that the term "party" as used in Code of Civil Procedure section 2030, subdivision (g) ("Section 2030(g)"), excludes the person appointed to represent the real party by acting as guardian ad litem, the court ruled that plaintiff need not respond. This writ petition followed.

*97 II. THE ISSUE PRESENTED
Presented is the question of whether the term "party" as used in Section 2030(g) encompasses a guardian acting on behalf of the real party in interest. No case has been cited or independently found which has ruled on this precise question, possibly because the answer has always been assumed. As an issue of first impression, the question is appropriate for decision by writ. (Oceanside Union School Dist. v. Superior Court (1962) 58 Cal.2d 180, 185-186, fn. 4, 23 Cal.Rptr. 375, 373 P.2d 439.)

III. THE TWO ALTERNATIVE CONSTRUCTIONS, AND THEIR CONSEQUENCES
Two constructions of the term "party" as used in Section 2030(g) are possible. What might be termed a strictly literal construction is that the term "party" was intended to be strictly limited to the real party in interest. Here, that would be plaintiff herself. Clearly the guardian ad litem is not the real party in interest; no judgment can be entered either for or against the guardian. (Cf. Code Civ. Proc., § 367; Sarroxino v. Superior Court (1974) 13 Cal.3d 1, 13, 118 Cal.Rptr. 21, 529 P.2d 53 ["A guardian ad litem who appears for an incompetent person in an action or proceeding does not thereby become a party to that action or proceeding any more than the incompetent person's attorney of record is a party."].) This "strictly literal" constructionconstruing the term "party" to exclude a guardianleaves no one available to respond to interrogatories.
If it were true that no one can respond to interrogatories on behalf of an incompetent party, two possible consequences would follow. One would be that an incompetent party, unable to comply with his or her discovery obligations, would be subject to sanctions for failing to comply. If this were the case, however, an incompetent party could neither prosecute nor defend a lawsuit successfully, since the lawsuit would inevitably proceed to either dismissal or default for failure to comply with discovery obligations. This would be inconsistent with long-observed practice, and is not likely a correct application of the law for that reason alone. The second possible consequence of the "strictly literal" construction is the one chosen by the trial court in this case: The . incompetent party is simply exempted from her obligation to respond to discovery requests. Although this second approach preserves the incompetent's case or defense, there is no authority for it in the Civil Discovery Act of 1986 (Code Civ. Proc., § 2016 et seq.), and it severely prejudices the opposing party, who cannot obtain any discovery from the opposing incompetent party.
The common course of litigation shows that the construction applied in this case has never been commonly accepted in practice, and that accepting it now would work a fundamental change in this area of law. If a party could obtain a broad exemption from discovery obligations simply by obtaining appointment of a guardian ad litem, applications for such appointments would expectably be a major litigation battleground, since such applications would serve as de facto motions for exemption from discovery. The tremendous tactical advantage of exemption from discovery would expectably generate many additional guardian ad litem appointment applications, with the applying party arguing for incompetency at increasingly lower levels of impairment. Vigorous opposition to such applications, with contested hearings and requests for discovery on the issue of incompetency, would be expectable. A considerable body of law would expectably accumulate regarding when it is appropriate for a discovery exemption to be granted by the appointment of a guardian. None of this has happened, however. The lack of such developments indicates that no one to date has believed that such a discovery exemption exists. Instead, guardian ad litem applications are generally routine and uncontested, as was the guardian ad litem application in this case. The construction argued for by plaintiff, and the one applied by the trial court, would work a sea change in the longestablished pattern of guardian ad litem practice.
The second possible construction of the term "party" as used in Section 2030(g) is simply that when the real party in interest is represented by a guardian ad litem, the guardian ad litemas a substitute for the *98 real partyis included within the term "party." This construction would continue the status quo, with guardians continuing to represent their wards in all matters necessary to the litigation, with applications for appointment of guardians ad litem continuing to be handled routinely in the established fashion, and with the opposing parties (usually, but not always, defendants) continuing to obtain discovery in the normal manner.

IV. LEGAL DISCUSSION
The Supreme Court has heretofore assumed, without expressly deciding, that a party represented by a guardian ad litem must answer interrogatories, and that one of the proper functions of a guardian ad litem is verifying the interrogatories. In De Los Santos v. Superior Court (1980) 27 Cal.3d 677, 166 Cal.Rptr. 172, 613 P.2d 233, a child on a bicycle was hit by a van. The child's mother was appointed guardian ad litem. The defendant propounded interrogatories to the child, and the mother verified the answers as guardian ad litem. The issue in De Los Santos was whether the mother's discussions with her son, conducted at the direction of counsel in order to obtain information to answer the interrogatories, were privileged by the attorney-client privilege. In ruling that the discussions were privileged, the Supreme Court stated: "Section 372 of the Code of Civil Procedure provides that a minor must appear in litigation by a guardian or conservator of his estate or a guardian ad litem appointed by the court. The statute represents a recognition by the Legislature that whenever a minor is involved in litigation, his rights cannot be protected unless a guardian ad litem or a similar representative acts for him. The guardian ad litem is an officer of the court, and he has the right to control the lawsuit on the minor's behalf. Among his powers are the right to compromise or settle the action [citation], to control the procedural steps incident to the conduct of the litigation [citation], and, with the approval of the court, to make stipulations or concessions that are binding on the minor, provided they are not prejudicial to the latter's interests [citation]." (Id. at pp. 683-684, 166 Cal.Rptr. 172, 613 P.2d 233.) Although the Supreme Court in De Los Santos referred only to a minor, while the instant case involves a mentally incompetent adult, Code of Civil Procedure Section 372 makes no distinction between parties who are legally incompetent due to minority and those who are legally incompetent due to mental defect. The quoted passage and holding from De Los Santos are thus equally instructive with regard to the instant case. Although De Los Santos does not expressly hold that a guardian can verify interrogatory responses, it Strongly implies that this is the proper and acceptable practice.
Plaintiff relies on non-discovery cases which deal with non-discovery limitations on a guardian's authority. (See, e.g., Scruton v. Korean Air Lines Co. (1995) 39 Cal.App.4th 1596, 46 Cal.Rptr.2d 638 [guardian cannot repudiate settlement favorable to ward without court approval]; In re Christina B. (1993) 19 Cal.App.4th 1441, 23 Cal.Rptr.2d 918 [guardian cannot waive defendant ward's right to trial over ward's objection]; Berry v. Chaplin (1946) 74 Cal.App.2d 652, 169 P.2d 442 [guardian cannot effectively waive trial on behalf of ward by submission of cause exclusively on unfavorable evidence]; Gackstetter v. Market Street Ry. Co. (1935) 10 Cal.App.2d 713, 52 P.2d 998 [amendment permitted to complaint despite verification by guardian].) None of these cases bears on the issue presented here. As stated in De Los Santos and elsewhere, a guardian ad litem is an officer of the court. (See, e.g., In re Christina B., supra, 19 Cal.App.4th at p. 1453, 23 Cal.Rptr.2d 918 [guardian ad litem serves as an agent or representative of the ward and as an officer of the court]; see also Sarracino v. Superior Court, supra, 13 Cal.3d 1, 13, 118 Cal.Rptr. 21, 529 P.2d 53 [guardian ad litem is both the incompetent's representative of record and a representative of the court].) Like any other officer of the court (receiver, conservator, referee, etc.), a guardian ad litem is subject to court supervision. Should a guardian ad litem take an action inimical to the legitimate interests of the ward, the court retains the supervisory authority to rescind or modify the action taken. The cases relied on by plaintiff are simply reflections of this basic proposition. These cases have no application *99 to the instant question of interrogatory responses. No litigant has a legitimate interest in evading his or her obligation to provide truthful discovery. Thus a guardian ad litem who facilitates the ward's compliance with the ward's discovery obligations is not taking an action inimical to the ward's legitimate interests, but instead is assisting the ward in discharging his or her legal obligations. In addition, in this case there has been no action of any kind by the guardian from which the ward might need relief. Plaintiff speculates about what ought to be done in the event of various hypothetical occurrences, but a question about how to resolve a hypothetical issuewhich would properly be entrusted in the first instance to the sound discretion of the trial courtis not a reason to deny discovery to the defendant.
The trial court, in granting plaintiff an exemption from discovery, quoted in its minute order from Robinson v. Wilson (1974) 44 Cal.App.3d 92, 101, 118 Cal.Rptr. 569, as follows: "It is the duty of a guardian ad litem to protect or defend a suit, as the case may be. The guardian ad litem can neither admit anything against nor waive anything in favor of his ward, but the adversary ... must be required to prove his whole case." (Underlining added in minute order.) This quote from Robinson is out of context, and neither the complete passage nor the holding in Robinson supports plaintiffs position.
Robinson was a paternity action. There was no corroborating evidence of the mother's claim, and the court and parties were faced with the prospect of a "straight swearing match" between the alleged father and mother regarding whether they did or did not have intercourse during the relevant period. The parties consequently entered into a detailed stipulation calling for polygraph tests, and the case was ultimately decided adversely to the mother and child based on the polygraph results pursuant to the stipulation. On appeal, the issue was the validity of the stipulation, since it was entered into by the mother as guardian ad litem for the child. In the course of confirming the guardian ad litem's authority to enter into the stipulation and affirming the resulting judgment, the court in Robinson used an extensive quote from the case of Berry v. Chaplin, supra, 74 Cal.App.2d 652, 169 P.2d 442. This extensive quote from Berry contains the quote noted above from the minute order in the instant case. A fuller version of the relevant passage is as follows: "The power of a guardian ad litem ... is not unlimited. In effect the court is the guardian, and the person named as guardian ad litem is an officer of the court appointing him and he is the agent of the court. `He is like an agent with limited powers.' [Citation] A minor, who must of necessity appear by his guardian, is not bound by the admissions of the guardian which mean the sacrifice or giving away of the ward's property. [Citations]. The relationship between a guardian ad litem or the attorney whom he employs and the minor is not the same as that between an attorney and an adult client. It is the duty of the guardian and the attorney to protect the rights of the minor, and it is the duty of the court to see that such rights are protected. The court may set aside or disregard concessions of the guardian which have not already been judicially approved and which are shown to the court to have been improvidently made, [italics added] Any acts or concessions that apparently waive or surrender any material right of the minor, such as the right to a trial [italics in original] should be set aside unless they be shown to be beneficial or, in any event, not prejudicial to the rights and interests of the minor. [Citation]. The appointment of a guardian ad litem is not a bare technicality and the office of guardian involves more than perfunctory or shadowy duties." (Robinson, supra, 44 Cal. App.3d at pp. 100-101, 118 Cal.Rptr. 569). There next follow the lines quoted by the trial court: "It is the duty of the guardian ad litem to protect or defend a suit; as the case may be. The guardian ad litem can neither admit anything against nor waive anything in favor of his ward, but the adversary of the infant must be required to prove his whole case. [Citations]" (Id. at p. 101, 118 Cal. Rptr. 569.)
After this general exposition of the duties and functions of a guardian ad litem, including the final two sentences about not admitting or waiving "anything," the Robinson court went on to approve the stipulation *100 which allowed the paternity action to be determined on the basis of polygraph evidence. Robinson did so because it found that the stipulation was fair to both sides and did not constitute an improper impairment of the ward's legitimate interests. When the language of Robinson is considered in context, especially in light of the result, it can be seen that Robinson fits squarely into the established pattern of the law in this area: A guardian ad litem is an officer of the court and hence is subject to the court's supervision; if he or she prejudices the legitimate interests of the ward by improvident action, the court retains the power to protect the ward by correcting the improvident action taken (see, e.g., Code Civ. Proc., §§ 473, 2030, subd. (e), and 2030 subd. (m)); nevertheless, subject to the court's ultimate supervision, the guardian has the authority and the duty to control the litigation for the benefit of the ward and to act on the ward's behalf in the litigation. Robinson can hardly be said to stand for the proposition that a ward is exempt from discovery.
The conclusion that a ward is not exempt from discovery is bolstered by general discovery law. Code of Civil Procedure Section 2030, subdivision (a), provides that "any party" may propound "to any other party to the action written interrogatories to be answered under oath." The right of a party to propound interrogatories to "any other party to the action" is not qualified or limited by a proviso that the "other party" must not be a ward. Instead, the statutes deal elsewhere with the protection of a ward by providing for the appointment of a guardian ad litem. (Code Civ. Proc., § 372.) The right of a party to employ other discovery devices is similarly not limited by any blanket proviso that a ward need not respond. (See, e.g., Code Civ. Proc., § 2031 [any party may obtain inspection of documents or things in the control of "any other party to the action"]; § 2032 [any party may obtain physical exam of a party to the action when physical condition is in controversy, subject to specified procedures and limitations]; § 2033 [any party may serve requests for admission on "any other party to the action"].)[3] When responding to discovery, counsel generally has a duty to disclose information known to counsel, such as the names of witnesses, without regard to whether the client is competent. (See, e.g., Smith v. Superior Court (1961) 189 Cal.App.2d 6, 12, 11 Cal.Rptr. 165.) Moreover, a party has a general duty to conduct a reasonable investigation to obtain responsive information (see, e.g., Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (Rutter Group 1998) ¶ 8:1051 et seq.), and must furnish information from all sources under his or her control. (See, e.g., Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (Rutter Group 1998) ¶ 8:1054 et seq.) Here, plaintiff seeks to avoid these common discovery duties by not answering at all. Although particularized protective orders can be appropriate in special circumstances, plaintiffs claim of a generalized exemption from discovery on the basis of incompetency is unprecedented and insupportable. We hold, therefore, that a ward has no general right to evade discovery and that a guardian ad litem has the authority, subject to the court's ultimate supervision, to verify proper responses to interrogatories on behalf of the ward.

V. DISPOSITION
Let a writ of mandate issue directing the trial court to vacate its order of October 29, 1997, granting real party's motion for a protective order, and to issue a new and different order denying the motion. Real party to bear the costs of this petition.
BOREN, P.J., and FUKUTO, J., concur.
NOTES
[1] Although only interrogatories are involved in this writ proceeding, it appears that plaintiff's arguments would apply with equal force to other discovery devices such as requests to produce documents, requests for admission, etc. Thus plaintiff's arguments in this case, if accepted, would appear to eliminate most if not all discovery against an incompetent party, leaving primarily only third party discovery available to the incompetent party's adversary.
[2] Plaintiff has also moved that this court appoint the same guardian ad litem for this writ proceeding. The request in this court appears based on two theories. The first is that a guardian ad litem appointment is supposedly specific to the appointing court, rather than specific to the case. Code of Civil Procedure Section 372 (authorizing the appointment of guardians ad litem), however, refers to appointment for the "case." An appointment in the trial court therefore suffices to appoint a guardian ad litem for appellate purposes also. The second basis suggested for the motion in this court, although not fully developed in the briefing, is that a new guardian ad litem appointment order must be made because a writ proceeding is an "independent" or original proceeding. While this has some germ of truth from a procedural standpoint, it is also clear that a writ proceeding is ancillary to a pending trial court action, and has no life independent of the proceedings in the trial court. Hence for purposes of appointment of a guardian to act for the ward and to promote and protect the ward's interests in litigation, there is no "independent" proceeding for which a new appointment order must be made. The motion in this court is therefore moot.
[3] The issue of whether and under what conditions a ward would be entitled to a protective order that the ward's oral deposition not be taken is not involved in this proceeding.