In re Maria T. CUETO and Raisa Nemikin, Grand Jury Witnesses, Appellants.

Nos. 1066, 1067, Dockets 77–1101, 77–1102.

United States Court of Appeals, Second Circuit.

Argued March 24, 1977.

Decided March 28, 1977.

Opinion April 19, 1977.

Elizabeth M. Fink, New York City (Margaret L. Ratner, Susan V. Tipograph, Roger

Olsen, New York City, of counsel), for appellants.

Thomas E. Engel, Asst. U.S. Atty., New York City (Robert B. Fiske, Jr., U.S. Atty., Frederick T. Davis, Asst. U.S. Atty., S.D. N.Y., New York City, of counsel), for United States.

Before ANDERSON and MESKILL, Circuit Judges, and MARKEY, Chief Judge, U. S. Court of Customs and Patent Appeals.*

PER CURIAM:

Maria T. Cueto and Raisa Nemikin appeal from orders entered on February 26, 1977, and March 5, 1977, respectively, in the United States District Court for the Southern District of New York, confining them for the term of the Grand Jury, or until such time as they are willing to testify before the Grand Jury. The orders were entered pursuant to 28 U.S.C. § 1826(a), which permits the confinement of a witness who "refuses without just cause shown to comply with an order of the court to testify." Appellants admit that they refused to testify, but they claim that their refusal was justified by a privilege because they are lay ministers of the Protestant Episcopal Church. Their claims were rejected first by the Honorable Lawrence W. Pierce, who denied motions to quash the subpoenas with which appellants had been served,[1] and again by the Honorable Marvin E. Frankel, who found appellants in civil contempt and ordered their confinement. Both appellants filed notices of appeal, and the appeals have been consolidated. In order to insure compliance with the thirty-day requirement of 28 U.S.C. § 1826(b), this Court filed its decision affirming the orders below on March 28, 1977. The purpose of this *per*

*curiam* opinion is to state briefly the reasons for our decision.

It is a fundamental rule of law that the public has a right to every person's evidence. There are a small number of constitutional, common-law and statutory exceptions to that general rule, but they have been neither "lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon*, 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974). Here, the information sought by the Grand Jury does not fall within the scope of any recognized privilege,[2] and appellants' status as lay ministers gives them no right to be treated differently from other citizens.[3]

The orders are affirmed.

---

* Sitting by designation.

1. Judge Pierce's written opinion is not officially reported (S.D.N.Y.1977).

2. The privilege conferred by 18 U.S.C. § 2515 is inapplicable on the facts of this case. *See United States v. Grusse*, 515 F.2d 157 (2d Cir. 1975). There is no merit to appellants' Fourth Amendment claim. *See United States v. Ca-*

*landra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).

3. The procedures followed by the district court conformed to the requirements of the Due Process Clause. *See In Re Sadin*, 509 F.2d 1252 (2d Cir. 1975). Appellants have not made the showing required to entitle them to examine secret Grand Jury materials. *See In Re Biaggi*, 478 F.2d 489 (2d Cir. 1973).