**In re GRAND JURY PROCEEDINGS.**

**Appeal of Teresa STARR.**

**No. 81–1173**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

May 28, 1981.

Don Ervin, Houston, Tex., for appellant.

Edward Charles Prado, Interim U. S. Atty., Le Roy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

This is an appeal from an order of civil contempt based on the appellant's refusal to testify before a federal grand jury after having been granted use immunity in accordance with 18 U.S.C. § 6002 and § 6003.[1]

---

1. 18 U.S.C. § 6002 provides:

Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—

(1) a court or grand jury of the United States,

(2) an agency of the United States, or

(3) either House of Congress, a joint committee of the two Houses, or a committee or a subcommittee of either House, and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

18 U.S.C. § 6003 provides:

(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against

The appellant, Teresa Starr (also known as Teresa Starr Jasper), was adjudged in civil contempt and ordered incarcerated pursuant to 28 U.S.C. § 1826,[2] for a maximum period of 18 months. Her request for bail pending appeal from the order was denied by the district court on the basis that the appeal was frivolous.

The appellant asserts that her refusal to testify is based on just cause, and in support thereof contends that (a) she should be accorded the protections of a parent-child testimonial privilege, and (2) the government's grant of use immunity is an insufficient substitute for her fifth amendment privilege against self-incrimination. We reject both contentions and affirm the order of civil contempt.

### 1.

The appellant was subpoenaed to testify before a federal grand jury convened in the western district of Texas. In anticipation of the appellant's refusal to testify before the grand jury on grounds of self-incrimination, the government requested an order granting the appellant use immunity pursuant to 18 U.S.C. § 6002 and § 6003. The district court issued an order, effective upon the appellant's refusal to testify, that (1) directed the appellant to give the testimony withheld on the basis of her privilege against self-incrimination, and (2) prevented the use of the testimony or information derived from it against the appellant in criminal proceedings except in prosecution for perjury.

At the grand jury proceedings, the appellant was questioned with regard to her mother and stepfather's involvement in a homicide under investigation by the grand jury. She invoked her fifth amendment privilege against self-incrimination and was thereby subject to the district court's order granting her use immunity. She nevertheless persisted in her refusal to testify and was adjudicated in civil contempt and incarcerated.

On appeal from the district court's order of civil contempt, the appellant attempts to justify her refusal to testify on two bases: (1) she claims that her testimony is subject to the parent-child privilege, and (2) she asserts that use immunity insufficiently protects her fifth amendment privilege against self-incrimination.

### 2.

■ We can find no federal judicial support for recognition of a "parent-child"

---

self-incrimination, such order to become effective as provided in section 6002 of this part.

(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—

    (1) the testimony or other information from such individual may be necessary to the public interest; and

    (2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

**2.** 28 U.S.C. § 1826 provides:

(a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of—

    (1) the court proceeding, or

    (2) the term of the grand jury, including extensions, before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

(b) No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay. Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal.

Pursuant to order of this panel, the expiration date of the thirty day period within which a decision on this appeal shall be rendered was extended to June 8, 1981. See *In Re Tierney*, 465 F.2d 806, 809 (5th Cir. 1972).

privilege,[3] and decline to create one under the circumstances of the present appeal.[4]

**3.**

█ Nor do we find merit in the appellant's fifth amendment claim: The Supreme Court has held that "immunity from use and derivative use [under § 6002] is coextensive with the scope of the [fifth amendment] privilege against self-incrimination, and therefore is sufficient to compel testimony over a claim of the privilege." *Kastigar v. United States*, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972).

*Conclusion* :

For the reasons above stated, the district court's order of civil contempt is affirmed.

AFFIRMED.

---

3. Discussion of such a privilege is conspicuously absent from the discussions of scholarly evidentiary authorities. See generally 2 Weinstein's Evidence ¶ 501 (1980); 8 Wigmore on Evidence §§ 2285–2286 (1961); 23 Wright and Graham, Federal Practice and Procedure § 5421 et seq. (1980).

4. The appellant urges our recognition of a parent-child privilege on the basis of New York state jurisprudence approving of such a privilege. See *Application of A and M*, 61 A.D.2d 426, 403 N.Y.S.2d 375 (1978); *People v. Fitzgerald*, 101 Misc.2d 712, 422 N.Y.S.2d 309 (Westchester County Ct. 1979). Disregarding the question of the persuasiveness of the opinions as authority for this court, we can distinguish the cases on the basis that they involved confidential communications from the child to the parent, and were founded for the most part on the desire to avoid discouraging a child from confiding in his parents.