**In re Grand Jury Subpoena Issued to Lawrence MATTHEWS.**

**Lawrence MATTHEWS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 1683, Docket 83–6178.**

United States Court of Appeals, Second Circuit.

Argued July 15, 1983.

Decided Aug. 5, 1983.

Paul R. Shanahan, Syracuse, N.Y. (R.J. and P.R. Shanahan, Syracuse, N.Y., on the brief), for appellant.

Andrea Limmer, Atty., Dept. of Justice, Washington, D.C. (William F. Baxter, Asst. Atty. Gen., John J. Powers, III, Atty., Dept. of Justice, Washington, D.C., Charles V. Reilly, Anne C. Pollaro, Martha E. Gifford, Attys., Dept. of Justice, New York City, on the brief), for appellee.

Before NEWMAN and WINTER, Circuit Judges, and MALETZ, Senior Judge.*

NEWMAN, Circuit Judge:

Lawrence Matthews appeals from the June 14, 1983, order of the District Court for the Northern District of New York (Neal P. McCurn, Judge) adjudicating him in civil contempt for his failure to answer questions before a grand jury investigating possible criminal antitrust violations in the containerized refuse removal industry in Onondaga County, New York. Matthews was ordered confined until he purges himself of the contempt by answering the questions. *See* 28 U.S.C. § 1826 (1976). Judge McCurn released him on his own recognizance pending this appeal. As helpfully

narrowed by appellant's counsel at oral argument,[1] the scope of the appeal now concerns only the single issue whether Matthews is entitled to assert a "family privilege" to avoid answering questions on the ground that they might tend to incriminate his in-laws, specifically, his mother-in-law, father-in-law, and brother-in-law. We affirm.

Matthews is employed as the sales manager of Onondaga Environmental Systems, Inc. (OESI). His wife, Denise, is the bookkeeper of OESI. Denise Matthews' parents are the owners and officers of OESI, and Denise's brother is also an OESI employee. The questions Matthews declined to answer concerned the business affairs of OESI.

Matthews invites us to create an "in-law" privilege. He suggests that such a privilege is needed to assure family harmony and calls our attention to two instances in which district courts have upheld privileges in the parent-child context. *In re Grand Jury Proceedings (Agosto)*, 553 F.Supp. 1298 (D.Nev.1983); *In re Grand Jury Proceedings (Greenberg)*, 11 Fed.R.Evid.Serv. 579 (D.Conn.1982). *Agosto* upheld a witness's refusal to testify against his father, and *Greenberg*, relying on religious considerations grounded on the First Amendment, upheld a mother's refusal to testify concerning confidential communications with her daughter. These rulings, on which we intimate no views, are departures from the traditional rule in federal courts that, other than the spousal privilege, *Trammel v. United States*, 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980), there is no privilege that permits a person not to testify against family members. *See United States v. Jones*, 683 F.2d 817 (4th Cir.1982); *In re Grand Jury Proceedings (Starr)*, 647 F.2d 511, 512–13 & n. 4 (5th Cir.1981) (*per cu-*

---

\* The Honorable Herbert N. Maletz of the United States Court of International Trade, sitting by designation.

1. Appellant abandoned several issues in light of his receipt of use immunity, 18 U.S.C. § 6002 (1976), the Government's commitment not to prosecute his wife for any violation uncovered by the grand jury, and the District Court's conferring use immunity upon his wife with respect to her husband's testimony. Appellant's reply brief, received after oral argument, attempts to reraise arguments explicitly abandoned on the record twice during oral argument. Appellee, relying on these representations, made no argument concerning the abandoned contentions, and we decline to consider them.

*riam )*; *United States v. Penn,* 647 F.2d 876, 885 (9th Cir.1980) (*en banc*).

In the absence of federal statute or rule, the privileges of witnesses in federal courts are governed by "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed.R.Evid. 501; *see United States v. Chiarella,* 588 F.2d 1358, 1372 (2d Cir.1978), *rev'd on other grounds,* 445 U.S. 222, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980). Due regard for one's in-laws is a precept of ancient lineage. Less well known than the Fifth Commandment's admonition to "Honour thy father and thy mother," *Exodus* XX:12, is the advice contained in the Apocrypha, "Honour thy father and thy mother in law, which are now thy parents." *Tobit* X:12. Despite the age and enduring wisdom of that thought, we are not persuaded to ground a testimonial privilege upon it. In view of the public's right to all testimony in the absence of privileges protecting "weighty and legitimate" interests, *United States v. Nixon,* 418 U.S. 683, 709, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974), the marital bliss of Lawrence and Denise Matthews will have to endure whatever strains might result from his testimony against his in-laws.

The order of the District Court is affirmed. The mandate shall issue forthwith.