**In re GRAND JURY SUBPOENA of Dominic A. SANTARELLI, Jr., Appellant.**

**No. 84–5494**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 9, 1984.

Rehearing and Rehearing En Banc
Denied Nov. 26, 1984.

Benedict P. Kuehne, Neal R. Sonnett, Bierman, Sonnett, Shohat & Sale, Miami, Fla., for appellant.

Bohn E. Phillips, U.S. Dept. of Justice, Miami, Fla., for appellee.

Before RONEY, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

This is an expedited appeal from an order of the district court for the Southern District of Florida holding the appellant Dominic Santarelli in contempt of court pursuant to 28 U.S.C. § 1826.

In April 1984, the appellant was served with a subpoena requiring his appearance before a federal grand jury on May 22. The appellant was informed that his father was one of the targets of the grand jury's investigation. Santarelli subsequently filed a motion to quash the subpoena on several grounds, the one relevant to this appeal being the claim that a common law parent-child privilege is embodied in Rule 501 of the Federal Rules of Evidence which justified his refusal to testify. The motion was denied, and Santarelli was directed to appear on July 10. Santarelli appeared as ordered, but refused to answer all relevant questions, again invoking a parent-child privilege.

In light of Santarelli's refusal to testify, the court conducted a contempt hearing. Appellant's counsel requested that a hearing be held to allow Santarelli to present evidence in support of a parent-child privilege. The district court held that an evidentiary hearing was unnecessary, and found Santarelli in civil contempt.

The sole issue in this appeal is characterized by the appellant as follows: "whether

---

the district court erred in refusing to conduct an evidentiary hearing concerning appellant's invocation of the parent-child privilege in response to a grand jury subpoena, and further erred in holding appellant in contempt for refusing to testify." The district court bottomed its conclusion that Santarelli's refusal to testify could not be based on a parent-child privilege, upon the former Fifth Circuit's decision in *In re Grand Jury Proceedings (Starr)*, 647 F.2d 511 (5th Cir.1981). In *Starr*, the appellant was subpoened to testify before a grand jury concerning her mother and stepfather's involvement in a homicide. She refused to testify, and was held in contempt. On appeal, she justified her refusal to testify upon a parent-child privilege. The court of appeals rejected her claim: "We can find no federal judicial support or recognition of a 'parent-child' privilege, and decline to create one under the circumstances of the present appeal." *Id.* at 512–13.

The holding in *Starr* is consistent with that of every court of appeals that has had occasion to address questions of family privilege outside the context of interspousal communications. *In re Matthews*, 714 F.2d 223 (2d Cir.1983) (rejecting a privilege not to testify against one's in-laws); *United States v. Jones*, 683 F.2d 817 (4th Cir. 1982); *United States v. (Under Seal)*, 714 F.2d 347, 349 n. 4 (4th Cir.1983) (rejecting parent-child privilege); *United States v. Penn*, 647 F.2d 876 (9th Cir.1980) ("there is no judicially or legislatively recognized general 'family' privilege").

Santarelli seeks to avoid the binding effect of *Starr* on two grounds: first, that the appellant in *Starr* had failed to develop the facts necessary to sustain a successful claim of parent-child privilege, and second that the *Starr* court rejected the appellant's claim on the ground that there was "no federal judicial support" for a family privilege, but that since *Starr* was decided, two district courts have found that such a privilege exists. *See In re Agosto*, 553 F.Supp. 1298 (D.Nev.1983); *In re Grand Jury Proceedings (Greenberg)*, 11 Fed.R. Evid.Serv. 579 (D.Conn.1982). As previously noted, the Second, Fourth, and Ninth

Circuits have uniformly declined to acknowledge the existence of a family privilege. In *Starr*, the former Fifth Circuit did likewise, and we are bound to follow. Given that no family privilege exists, the district court properly refused Santarelli's request to present evidence in support of his position that his claim to the privilege was justified. Santarelli's suggestion that the two district court's decisions rendered after *Starr* furnish judicial support for the creation of a privilege is ill-taken. In *In re Matthews*, 714 F.2d 223, 224 (2d Cir.1983), the court made reference to the two district court decisions in question, and while refusing to comment on their propriety, characterized them as "departures from the traditional rule in federal courts, that other than the spousal privilege, there is no privilege that permits a person not to testify against family members." In any event, this panel is bound by the decision in *Starr*. "Privileges against forced disclosure" are "exceptions to the demand for every man's evidence" and are "not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon*, 418 U.S. 683, 709–10, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974).

AFFIRMED.