**In re GRAND JURY PROCEEDINGS (SEALED).**

**No. M–11–188(CBM).**

United States District Court, S.D. New York.

April 4, 1985.

John J. Momet, Las Vegas, Nev., for movant.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., by Roanne L. Mann, Asst. U.S. Atty., New York City, for the U.S.

## MEMORANDUM OPINION

MOTLEY, Chief Judge.

This matter is before this court on movant's motion to quash a subpeona *ad testificandum.* The movant-witness's brother is under investigation by the Grand Jury. The movant seeks to quash the subpeona and avoid testifying before the Grand Jury on the ground that he is entitled to exercise a "sibling privilege." The issue presented by this motion is one of first impression in the Second Circuit.

*Facts*

The movant was subpoenaed to appear and testify before a federal grand jury empanelled in the Southern District of New York on February 26, 1985. Counsel for movant, John J. Momet, Esq., notified the Assistant United States Attorney, Roanne L. Mann, that the movant would invoke his Fifth Amendment privilege and refuse to testify before the Grand Jury. Movant was excused from appearing before the Grand Jury pending the Government's application for use immunity, pursuant to 18 U.S.C. sections 6002–6003.

On March 13, 1985, the government was granted an immunity order requiring movant to testify. As a result, the movant's appearance before the Grand Jury was scheduled for Wednesday, March 20, 1985, at 10:00 a.m.

Movant has now moved to quash the subpeona and vacate the order to compel testimony and requested an evidentiary hearing.

Subsequently, this court granted movant's motion to stay the Grand Jury proceeding at least until March 25, 1985, in an order dated March 20, 1985. The Court further granted movant's motion to seal all papers. Movant's motion to quash the subpoena and vacate the order to compel testimony without an evidentiary hearing was denied by an order dated March 25, 1985, with an opinion to follow.

Movant contends that if he is required to testify against his brother his emotional, psychological and physical health will suffer. According to movant, if he were compelled to testify against his brother, he would be forced to breach the confidence of this sibling relationship. Movant further contends that his family life, more particularly his relationship with his brother, will be irreparably harmed. Finally, movant asserts that society's interest in protecting the family unit, in light of the breakdown of family cohesiveness prevalent in modern society, is greater than the government's interest and should be afforded greater protection.

For the reasons set forth below, the court denies movant's motion to quash the subpoena and vacate the order to compel testimony on the ground of a testimonial sibling privilege.

*Discussion*

Federal Rules of Evidence, Rule 501, provides that in the absence of federal statute or rule, "the privilege of a witness, person, government, State or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."

The Second Circuit has declined to expand recognized testimonial privileges to include parent-child or familial or sibling privileges. In *In re Cueto*, 554 F.2d 14, 15 (2d Cir.1977), the court declined to recognize a privilege for lay ministers stating:

> It is a fundamental rule of law that the public has a right to every person's evidence. There are a small number of constitutional, common-law and statutory exceptions to that general rule, but they have been neither "lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon*, 418 U.S. 683, 710, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

Movant requests this court to follow the trend of other district courts in expanding testimonial privileges. He relies on the decisions of other courts which recognized the existence of a parent-child privilege. *See, e.g., In re Grand Jury Proceedings (Agosto)*, 553 F.Supp. 1298 (D.Nev.1983).

In a recent decision, the Second Circuit declined to create an "in-law" privilege. Although recognizing other judicial decisions upholding a parent-child privilege, the court stated that "[t]hese rulings ... are departures from the traditional rule in federal courts that, other than the spousal privilege, there is no privilege that permits a person not to testify against family members." *In Re Matthews*, 714 F.2d 223, 224 (2d Cir.1983).

Similarly, the district court in *In re Kinoy*, 326 F.Supp. 400, 406 (S.D.N.Y.1970) denied a parent-child privilege stating that "there is no such thing [as a parent-child privilege]. All of us, whether as parents or children, may empathize over the imaginable prospect of being asked to incriminate those close to us."

Other courts have also refused to expand the traditional list of recognized privileges to include a parent-child privilege or familial privilege. *In re O'Brien*, 728 F.2d 1172, 1174 (8th Cir.1984) (rejecting witness' argument that compelled testimony before the grand jury would violate First Amendment right to freedom of association by "compromising his social and family relationships"); *Rockwell International Corp. v. H. Wolfe Iron & Metal Co.*, 576 F.Supp. 511, 515 (W.D.Pa.1983) (deposition witnesses ordered to answer questions concerning third parties including family members); *United States v. Penn*, 647 F.2d 876, 885 (9th Cir.1980) (*en banc*) (parent-child privilege, rejected because "there is no judicially or legislatively recognized general 'family' privilege").

The Eleventh Circuit, in *In re Grand Jury Subpeona of Santarelli*, 740 F.2d 816, 817 (1984), denied appellant's motion to quash a grand jury subpeona where appellant asserted a parent-child privilege. The appellant attempted to distinguish the Fifth Circuit's decision in *In re Grand Jury Proceedings (Starr)*, 647 F.2d 511 (5th Cir.1981), wherein the court rejected the appellant's parent-child privilege claim. The Eleventh Circuit stated:

> The holding in *Starr* is consistent with that of every court of appeals that has had occasion to address questions of family privilege outside the context of interspousal communications. *In re Matthews*, 714 F.2d 223 (2d Cir.1983) (rejecting a privilege not to testify against one's in-laws); *United States v. Jones*, 683 F.2d 817 (4th Cir.1982); *United States v. (Under Seal)*, 714 F.2d 347, 349 n. 4 (4th Cir.1983) (rejecting parent-child privilege); *United States v. Penn*, 647 F.2d 876 (9th Cir.1980) ("there is no judicially or legislatively recognized general 'family' privilege").... As previously noted, the Second, Fourth, and Ninth Circuits have uniformly declined to acknowledge the existence of a family privilege.

740 F.2d at 817.

The movant relies on *People v. Fitzgerald*, 101 Misc.2d 712, 422 N.Y.S.2d 309

(Westchester County Ct.1979), as support for its contention that Rule 501 of the Federal Rules of Evidence requires this court's recognition of new testimonial privileges. In *Fitzgerald,* the state court although acknowledging judicial reluctance in creating new classes of privileges recognized a parent-child privilege. It noted that:

"courts cannot shield themselves behind such a 'tendency' and disregard all such situations where the foundation of certain basic relationships, such as those between family members may be threatened."

Id. at 311.

Movant also relies on *In re Agosto,* 553 F.Supp. 1298 (D.Nev.1983), wherein the court extended a testimonial privilege to parent-child relationships, in support for the argument that this court, as have others, is free to extend the present privileges to situations requiring constitutional protection i.e., the constitutional right of familial privacy.

In *In re Matthews, supra,* the Second Circuit considered and refused to follow the cases relied upon by movant.

Moreover, movant's attempt to distinguish *Matthews, supra,* by limiting its holding to only "in-law" privileges is untenable. The Second Circuit's decision should be read broadly as evidenced from the subsequent cases in which *Matthews* was relied upon. *See, e.g., In re Grand Jury Subpeona of Santarelli, supra,* at 817, (rejecting recognition of a parent-child privilege and general family privilege).

This court is bound to follow *Matthews, supra,* and therefore declines to extend the traditional testimonial privileges to include a sibling or family privilege.[1] Movant's motion to quash the Grand Jury subpeona is therefore denied.

---

1. Movant's contention that the sibling relationship is closer than that of parent and child appears to be without merit. History and literature is replete with instances of sibling rivalries such as the difficult relationship between Cain and Abel, and Jacob and Esau. Genesis 4:1–16; 27:1–45.