[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 22, 2006
THOMAS K. KAHN
CLERK

No. 05-11929
Non-Argument Calendar

_____

D. C. Docket No. 02-00713-CR-5-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM BRENDT STEELE,
a.k.a. "Slicky"

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 22, 2006)**

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

William Brendt Steele appeals his sentence for conspiracy to possess with

intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846, on the grounds that the government breached its plea agreement by refusing to file a motion for downward departure for substantial assistance. Because we find that the government did not breach the plea agreement, we affirm.

## I. Background

Steele was named in a three-count indictment. The first count included the cocaine charge, the second charged him with conspiracy to possess with intent to distribute at least 1,000 kilograms of marijuana, in violation of § 846, and the third count with attempt to possess with intent to distribute 100 kilograms of marijuana, in violation of 21 U.S.C. § 841. Steele agreed to plead guilty to the first count in exchange for the government's agreement to seek dismissal of the remaining counts of the indictment.

Steele's plea agreement included a limited waiver of appeal in which Steele waived his right to appeal his sentence unless the court imposed an upward departure or the government filed an appeal. The agreement also included a provision in which the government agreed to consider filing a motion for a downward departure based on substantial assistance. See U.S.S.G. § 5K1.1. This provision provided, in pertinent part, that

> if cooperation is completed before sentencing and the Government
> determines that such cooperation qualifies as "substantial assistance"

2

pursuant to Title 18, United States Code, § 3553(e) and/or § 5K1.1 of the Sentencing Guidelines, the Government will consider whether to file a motion at sentencing recommending a downward departure from the applicable guidelines range. . . . [T]he defendant understands that the determination as to whether he has provided "substantial assistance" rests solely with the Government. . . . If the defendant fails to cooperate truthfully and completely . . . he will not be entitled to any consideration whatsoever pursuant to this paragraph.

The record reveals that Steele provided the government with information relating to other participants in the drug conspiracy. The government then indicated that it would file a motion for a substantial assistance reduction. Steele did not, however, provide the government with information relating to his father's involvement in the conspiracy. The government learned of Steele's father's involvement from other people whom Steele named.

Furthermore, the people named by Steele provided information that led the government to believe that Steele had acted as a leader or organizer of the conspiracy, for which he was subject to a two-level enhancement under the guidelines. Steele challenged the enhancement, but the district court ultimately ruled that evidence supported the government's allegations relating to his role in the conspiracy and enhanced his sentence. Moreover, in further investigating Steele's role in the conspiracy, the government uncovered additional information relating to his father's involvement. Based on Steele's failure to provide complete information, the government declined to file the substantial assistance motion.

3

After the government declined to file the motion, Steele moved for a downward departure based on substantial assistance or, in the alternative, for specific performance of the plea agreement. According to Steele, after initially refusing to file the motion, the government notified him by letter that it would file the motion if Steele agreed to waive any Blakely objections, withdraw his challenge regarding his role in the conspiracy, and stipulate to the government's proffered facts. Thus Steele claimed that, although he had fully cooperated with the government, the government refused to file the motion based on unconstitutional motives, namely, (1) his refusal to waive any constitutional claim he might be entitled to pursuant to Blakely v. Washington, 542 U.S. 296 (2004), and (2) his challenge to the government's claims regarding his role in the offense.

The court held several hearings on the issue of substantial assistance and considered the issue again at sentencing. In addition to accusing the government of acting with an improper purpose in refusing to file a motion for downward departure, Steele asserted that the government's refusal served no purpose, as the government did not plan to use Steele as a witness against his father. Steele further accused the government of acting in bad faith. The government responded that Steele had been reluctant to fully cooperate with them and that Steele had tried to manipulate the situation by giving information to other agencies rather than to the

4

DEA. The government confirmed that it did not intend to have Steele testify against his father, but it explained that this decision did not negate Steele's obligation to provide complete and truthful information.

The district court concluded that the government's belief that Steele had not been truthful was a valid reason to decline to exercise its discretion to file the motion, even if the information withheld did not result in any harm to the government. The district court, however, explicitly recognizing the discretion accorded it by United States v. Booker, 543 U.S. 220 (2005), and in consideration of Steele's assistance, although limited, the seriousness of his offense, and his rehabilitation efforts, imposed a sentence of 144 months' imprisonment, a sentence 24 months below the low end of the guidelines range of 168 to 210 months.

## II. Discussion

Breach of Plea Agreement

Steele first argues that the government breached the plea agreement by refusing to file a substantial assistance motion as promised. He asserts that "substantial assistance" means providing the government with useful information. Steele further argues that the family privilege is constitutionally protected and that the government could not legitimately refuse to submit the motion because Steele did not inculpate his father. In support of this argument, Steele cites numerous

5

civil cases involving autonomy in family decisions. He asserts that this privilege prevents the government from either compelling him to disclose information about his father's offenses or from using his failure to disclose such information as a basis for finding that he did not cooperate with authorities.

Whether the government has breached a plea agreement is a question of law that we review de novo. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). When a defendant raises an argument for the first time on appeal, this court reviews the argument for plain error. Id.

Pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1, the government has "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1992). Generally, the government's refusal to file such a motion is not reviewable absent some showing of unconstitutional motive. Id. Furthermore, the defendant must make a "substantial showing" of an unconstitutional motive. Id. at 186. As for Steele's argument that we may review the government's decision for bad faith, this court has held that we may review the government's decision solely for unconstitutional motive. United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000).

Here, Steele has not established that the government had an unconstitutional motive in refusing to file the substantial assistance motion. The record does not

show that the government refused to file the motion as punishment for Steele's decision to challenge his sentencing calculations or any other questionable motive. Steele's argument relating to his asserted family privilege also fails. Steele cannot prove plain error in this regard, as this court has rejected the argument that family communications are privileged. See In re Grand Jury Subpoena of Santarelli, 740 F.2d 816, 817 (11th Cir. 1984). Moreover, the record supports the government's assertion that it refused to file the motion because Steele failed to provide complete and truthful information. Accordingly, we hold that the government did not have an unconstitutional motive in refusing to file the motion for downward departure and that it therefore did not breach the plea agreement.

Exercise of District Court's Discretion

Steele next argues that the court erred in failing to recognize its discretion to depart downward. We first consider whether the appeal waiver in Steele's plea agreement bars this challenge.

This court reviews de novo the validity of a provision in a plea agreement waiving a defendant's right to appeal. United States v. Frye, 402 F.3d 1123, 1129 (11th Cir. 2005); United States v. Weaver, 275 F.3d 1320, 1333 n.21 (11th Cir. 2001). "An appeal-of-sentence waiver provision is enforceable if the waiver is made knowingly and voluntarily." Id. at 1333. "[A] waiver is not knowingly or

7

voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993) (internal quotations and citations omitted).

Here, the record reflects that the court specifically questioned Steele about the waiver provision during the change-of-plea hearing. As we have already noted that the government did not breach the plea agreement, and the waiver is valid, this court lacks jurisdiction to review Steele's sentence. And in any case, the record reflects that the district court not only recognized its discretion to depart downward pursuant to Booker, but actually exercised that discretion in imposing a sentence that was 24 months below the applicable guidelines range.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.