# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
December 11, 2020
Lyle W. Cayce
Clerk

No. 20-50668

JERRY WANZER,

*Plaintiff—Appellant*,

*versus*

PHONSO J. RAYFORD, *Senior Warden, John B. Connally Unit, sued in their individual and official capacity*; JOHN A. MARCUM, *Assistant Warden, John B. Connally Unit, sued in their individual and official capacity*; FNU STENGEL, *Assistant Warden, John B. Connally Unit, sued in their individual and official capacity*; VIOLA COMPANY, *sued in their individual and official capacity*; GARY WAGNER, *Water Treatment Plant Superintendent, sued in their individual and official capacity*; KELLY L. KOTZUR, *Food Kitchen Captain, John B. Connally Unit, sued in their individual and official capacity*; KATHY S. AKIN, *Food Kitchen Captain, John B Connally Unit, sued in their individual and official capacity*; DEBRA GLOOR, *Medical Supervisor, John B. Connally Unit, sued in their individual and official capacity*; LORIE DAVIS, *TDCJ Director, sued in their individual and official capacity*; UTMB DIRECTOR, *sued in their individual and official capacity*; DOCTOR FNU WONG, *Ophthalmologist Eye Doctor, sued in their individual and official capacity*; SYLVIA L. PETERSON, *Law Library Supervisor, John B. Connally Unit, sued in their individual and official capacity*; FNU ALEXANDER, *Captain, John D. Connally Unit, sued in their individual and official capacity*; FNU WOLF, *Lieutenant, John B. Connally Unit, sued in their individual and official capacity*; FNU RODAS, *Lieutenant, John B. Connally Unit, sued in their individual and*

*official capacity*; Pauline Dancy, *Lieutenant*, *John B. Connally Unit*, sued in their individual and official capacity,

Defendants—Appellees.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-779

---

Before Clement,* Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Jerry Wanzer, Texas prisoner #855976, moves for leave to proceed in forma pauperis to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint under the three-strikes provision of 28 U.S.C. § 1915(g). Section 1915(a) permits "any court of the United States" to "authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a).

Generally, a prisoner bringing or appealing a civil action may not proceed in forma pauperis if the prisoner has previously brought three civil actions or appeals that were dismissed as frivolous or malicious or for failure to state a claim. § 1915(g). A prisoner may circumvent this bar if "the prisoner is under imminent danger of serious physical injury." *Id.* Wanzer has previously filed at least three civil actions and appeals that were dismissed as frivolous. *Wanzer v. Chu*, 168 F. App'x 898, 899 (5th Cir. 2006) (dismissing appeal as frivolous); *Wanzer v. Pfeil*, 2006 WL 2595764, No. 5:05-CV-616, at *1 (W.D. Tex. June 26, 2006) (dismissing complaint as

---

* Judge Clement would deny the request to proceed in forma pauperis.

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

2

frivolous); *Wanzer v. White*, No. 6:92-CV-27 (E.D. Tex. May 22, 1992) (dismissing complaint as frivolous).  Thus, he can only proceed in forma pauperis in the district court or before this court if he is "under imminent danger of serious physical injury."  § 1915(g).

Wanzer alleges that he is being denied medical treatment and is being forced to drink contaminated water.  Wanzer specifically alleges that, as a result, he has severe chest pains and a sore throat, that he at times coughs up blood, and that he is going blind in his left eye from an untreated cataract.

While the district court characterized these medical claims as "past events" that do not support an inference of "imminent" harm, Wanzer alleges serious ongoing symptoms and hence "imminent danger of serious physical injury."  *Cf. Camp v. Putnam*, 807 F. App'x 303, 306-07 (5th Cir. 2020) (determining that "specific allegations of unsanitary living conditions, food contamination, and chronic illness" were more than "mere conclusions and threadbare allegations regarding the imminent danger of serious physical injury").  Construing Wanzer's *pro se* pleadings liberally, as we must, we determine that Wanzer's "allegations warrant a determination that he is under imminent danger of serious physical injury."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Steven*, 282 F. App'x 396, 396 (5th Cir. 2010).

Wanzer's motion for leave to proceed in forma pauperis on appeal is GRANTED.  We VACATE the judgment of the district court denying in-forma-pauperis status and dismissing the complaint and REMAND for further proceedings consistent with this opinion.