**UNITED STATES, Appellee,**

v.

**Jessie L. DAVIS, Specialist, U.S. Army, Appellant.**

No. 64,265.

CM 8900359.

U.S. Court of Military Appeals.

Argued Dec. 18, 1990.

Decided April 5, 1991.

For Appellant: *Captain Pamela J. Dominisse* (argued); *Captain Timothy P. Riley* (on brief).

For Appellee: *Captain Martin D. Carpenter* (argued); *Colonel Alfred F. Arquilla* and *Lieutenant Colonel Daniel J.*

*Dell'Orto* (on brief); *Captain Gary A. Khalil* and *Major Maria C. Fernandez.*

*Opinion of the Court*

COX, Judge:

A general court-martial sitting at Mannheim, Federal Republic of Germany, convicted appellant, contrary to his pleas, of rape and unlawful entry of a barracks room, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934, respectively. The officer and enlisted panel sentenced appellant to a dishonorable discharge, confinement for 5 years, total forfeitures, and reduction to E-1. The convening authority approved the sentence, and the Court of Military Review affirmed the findings and sentence in a short-form opinion.

We granted review of this issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN HE, *SUA SPONTE*, INCORRECTLY INSTRUCTED THE MEMBERS ON ACCOMPLICE TESTIMONY WITH RESPECT TO THE TESTIMONY OF A DEFENSE WITNESS.

We hold that, in failing to object to the judge's instruction, the defense waived appellate review of this issue. We also hold that, in giving the instruction, the military judge did not commit "plain error."

The prosecution's evidence, both testimonial and physical, tended to show that appellant and a companion, Specialist James F. Barrett, III, entered a female servicemember's barracks room and took turns raping her.

The defense was based on a theory of consent. Appellant did not testify on the merits but called Barrett as a witness. Barrett testified that both his and appellant's intercourse with the victim were consensual on her part. Barrett was testifying under a grant of immunity. *See* RCM 704(e), Manual for Courts-Martial, United

States, 1984. He was later convicted of the same offenses in his own court-martial.

At the conclusion of the evidence on the merits, the military judge conducted a hearing outside the presence of the members, wherein proposed instructions and other matters were discussed. Art. 39(a), UCMJ, 10 USC § 839(a); RCM 802, Manual, *supra.* The judge stated: "And as to other instructions, I plan on giving the accomplice instruction as far as the testimony of Barrett...." Civilian defense counsel made no objections and requested no additional instructions.

During his monition on the findings, the judge gave the following instructions regarding witness credibility:

> You have the duty to determine the believability of the witnesses. In performing this duty, you must consider each witness's intelligence, ability to observe and to accurately remember. In addition to the witness's sincerity and conduct in court and friendships and prejudices and character for truthfulness, *consider also the extent to which each witness is either supported or contradicted by other evidence in the case, the relationship each witness may have with either side and how each witness might be affected by the verdict.* In weighing a discrepancy or discrepancies by or between witnesses, you should consider whether they resulted from an innocent mistake or a deliberate lie. Taking all these matters into account, you should *then consider the probability of each witness's testimony and the inclination of the witness to tell the truth.* Now the believability of each witness's testimony should be a guide in evaluating the testimony and not the number of witnesses called.
>
> *You are advised that a witness is an accomplice if he was criminally involved in an offense with which the accused is charged.* The purpose of this advice is to call to your attention the factors specifically affecting the witness's believability; that is, a motive to falsify his testimony in whole or in part

because of an obvious self-interest under the circumstances. *In this case, I'm talking about the testimony of Specialist Barrett. As you'll recall, he testified that he's pending trial next week on the same charge of rape.* Now the testimony of an accomplice, even though it may be apparently corroborated and apparently credible is of questionable integrity and it should be considered by you with great caution.

Again, civilian defense counsel raised no objection at the conclusion of the judge's instructions.

The first paragraph above was drawn from the standard witness-credibility instruction. Para. 7–7, DA Pamphlet 27–9, Military Judge's Benchbook at 7–9 (May 1, 1982). The second paragraph was a modified version of the special instruction for accomplice testimony. Para. 7–10, Benchbook, *supra* (*see* appendix).

Appellant now maintains that it was error for the judge to give any accomplice instruction for a defense witness. He also contends that the content of the instruction was wrong. Because the defense did not object at trial to these instructions (which in any event do not involve elements of offenses or defenses), appellant is not entitled to relief unless the instruction is plain error. *United States v. Fisher,* 21 MJ 327 (CMA 1986). We find none here.

We recognize that many courts discourage accomplice instructions for defense witnesses. *See State v. Anthony,* 242 Kan. 493, 749 P.2d 37, 43 (1988). The Kansas court, however, adopted what it termed

> the minority view that a cautionary instruction on accomplice testimony is proper in all circumstances where an accomplice testifies.

*Id.* at 44; *see also United State v. Urdiales,* 523 F.2d 1245 (5th Cir.1975), *cert. denied,* 426 U.S. 920, 96 S.Ct. 2625, 49 L.Ed.2d 373 (1976). On these facts, however, it is not necessary for us to resolve this issue.

The members well knew Barrett was pending charges for the same offenses, and they knew he was testifying for the de-

fense under a grant of immunity. (The only thing they did not know was that he would be convicted a week later.) The members could hardly have been more acutely aware of Barrett's stake in the matter, and they could not fail to take that into consideration, instruction or not. Probably the sheer obviousness of Barrett's position *vis-à-vis* appellant's explains civilian defense counsel's decision not to object and further underscore the matter. The military judge's instruction did nothing to heighten member awareness.

As to the allegation of content error, appellant points out that ordinarily members are advised that they must first find that a witness *is* an accomplice; *then* they are to scrutinize his testimony (as though this scrutiny is somehow different from that for ordinary witnesses). *See* appendix. Here, however, the judge more or less preempted the members by implying that Barrett was an accomplice. Again, under these circumstances, it made no difference whether Barrett was pre-identified as an accomplice or whether the members figured it out for themselves.

In sum, even if the instruction ought not to have been given, no error occurred which prejudiced any substantial right of appellant. Art. 59(a), UCMJ, 10 USC § 859(a).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Senior Judge EVERETT concur.

## APPENDIX

7–10. Accomplice Testimony.

Instructions on accomplice testimony should be given whenever the evidence tends to indicate that a witness adverse to the accused was culpably involved in a crime with which the accused is charged. The instructions should be substantially as follows:

> You are advised that a witness is an accomplice if he/she was criminally involved in an offense with which the accused is charged. The purpose of this.

advice is to call to your attention a factor specifically affecting the witness' believability, that is, a motive to falsify his/her testimony in whole or in part, because of an obvious self-interest under the circumstances. (For example, an accomplice may be motivated to falsify testimony in whole or in part because of his/her own self-interest in receiving (immunity from prosecution)(leniency in a forthcoming prosecution)(_____)). The testimony of an accomplice, even though it may be ((apparently)(corroborated) and) apparently credible, is of questionable integrity and should be considered by you with great caution.

In deciding the believability of (*state the name of the witness* ), you should consider evidence including but not limited to (*specify significant evidentiary factors indicating that the witness may have been an accomplice* ).

Whether or not (*state the name of the witness* ), who testified as a witness in this case, was an accomplice is a question for you to decide. If (*state the name of the witness* ) shared the criminal intent or purpose of the accused, if any, or aided, encouraged, or in any other way criminally associated or involved himself/herself with the offense with which the accused is charged, he/she would be an accomplice whose testimony must be considered with great caution.

(Additionally, the accused cannot be convicted on the uncorroborated testimony of a purported accomplice *if* that testimony is self-contradictory, uncertain, or improbable).

(In deciding whether the testimony of (*state the name of the witness* ) is self-contradictory, uncertain, or improbable, you must consider it in the light of all the instructions concerning the factors bearing on a witness' believability.)

(In deciding whether or not the testimony of (*state the name of the witness* ) has been corroborated, you must examine all the evidence in this case and determine if there is independent evidence which tends to support the testimony of this witness. If there is such independent

evidence, then the testimony of this witness is corroborated; if not, then there is no corroboration. (You are instructed as a matter of law that the testimony of (*state the name of the witness*) is uncorroborated).)

Reference:

Paragraph 74a(2), MCM, 1969 (Rev.)