## UNITED STATES

v.

**Richard A. AYCOCK, 458 57 1908, Lance Corporal (E-3), U.S. Marine Corps.**

NMCM 90 01782.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 5 Jan. 1990.

Decided 30 Dec. 1993.

728

LT Mary L. Livingston, JAGC, USNR, Appellate Defense Counsel.

LT T.S. Susanin, JAGC, USNR, Appellate Government Counsel.

Before JONES, REED and LAWRENCE, JJ.

PER CURIAM:

Contrary to his pleas, appellant was convicted by a general court-martial composed of members of two specifications of conspiracy to distribute methamphetamine, two specifications of distribution of methamphetamine, and one specification of possession with intent to distribute methamphetamine, in viola-

1. THE MILITARY JUDGE ERRED WHEN HE PROHIBITED EXTRINSIC EVIDENCE OF

tion of Articles 81 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881 and 912a. Appellant was also convicted in accordance with his pleas of two specifications of unauthorized absence, in violation of Article 86, UCMJ, 10 U.S.C. § 886. The members adjudged a sentence of confinement for 4 years, total forfeiture of all pay and allowances, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence.

I.

■ In his second assignment of error,[1] appellant asserts that the military judge committed prejudicial error in refusing to permit the defense to present extrinsic evidence of alleged bias and motive to lie by a government witness. We review this assigned error to determine whether the military judge abused his discretion in making his ruling.

Lance Corporal (LCpl) S was the sole witness called by the government in support of Charge I and Specification 2 of Charge II of the Additional Additional Charges. He testified under a grant of immunity and was an admitted drug dealer. He further testified that he bought drugs from appellant. During cross-examination, trial defense counsel asked about a pool game in which LCpl S allegedly lost a $195 wager to appellant. The thrust of defense counsel's inquiry was to show that the witness lost the money, left the pool room, and then returned demanding his money back. Defense counsel asked LCpl S whether he returned to the pool room and requested another two persons present to make appellant return the money to him but that they told him "tough luck." LCpl S denied the entire incident and said that if the two persons came into court and testified as defense counsel suggested he would "call them a bald-faced liar." Record at 202. Thus, trial defense counsel was granted a fair opportunity to raise through cross-examination this basis for the witness' bias against appellant and motive to testify falsely. This opportunity meets the accused's Sixth Amendment right to confront and cross-ex-

LANCE CORPORAL SMITH'S BIAS AND MOTIVE TO LIE.

amine the witness against him. *See Delaware v. Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

The defense called one of the persons who allegedly was present during the pool game and asked this witness to describe the incident. Upon trial counsel's objection, the military judge excluded this testimony on the ground that such evidence "really would not be very germane to anything before the court." Record at 381.

The U.S. Supreme Court has said that a witness' bias is "always relevant as discrediting the witness and affecting the weight of his testimony." *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974) (quoting 3A J. Wigmore, Evidence § 940 p. 775 (Chadbourn rev. 1970)). In most jurisdictions, the rule is that bias is not a collateral issue. Although certain methods of impeachment may not be supported by extrinsic evidence, *see* Rule for Courts–Martial (R.C.M.) 608(b), Manual for Courts–Martial, United States, 1984, "[b]ias, prejudice, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness *or by evidence otherwise adduced*," R.C.M. 608(c) (emphasis added); *see United States v. Owen*, 24 M.J. 390 (C.M.A. 1987), *cert. denied*, 484 U.S. 1026, 108 S.Ct. 750, 98 L.Ed.2d 763 (1988).

■ Proof of bias is perhaps the most effective attack on an adult witness who steadfastly testifies to certain events under circumstances in which perception and memory are realistically unassailable. Evidence of bias is especially critical in cases wherein the government's case relies exclusively or primarily on the testimony of a single witness. In this case, the witness' credibility was in part impeached by his receipt of a grant of immunity and his status as a drug dealer. The fact of governmental immunity evidences a more specific inducement to testify falsely, that is, to obtain the favor of the government in order to reduce criminal liability. In this case, trial defense counsel sought to show an additional, independent compelling motivation to lie—anger or resentment towards the accused. Certainly, the loss of money through gambling may result in animosity in the loser towards the

one who benefits. *See, e.g., United States v. Hudson*, 970 F.2d 948 (1st Cir.1992) (discussing bias based in part on allegation appellant won $5000 in a card game from a government witness). Moreover, if believed, the extrinsic evidence would have had the collateral consequence of showing the witness' willingness to lie under oath.

■ A trial judge may, however, limit inquiries into potential bias regarding subjects of slight or marginal relevance or if the bias can be developed by other evidence. *United States v. Burns*, 25 M.J. 817 (A.F.C.M.R.), *petition denied*, 27 M.J. 1 (C.M.A.1988).

> The test for abuse of discretion where the trial judge has limited testimony on bias is whether the factfinder had sufficient *other* information, without the excluded evidence, to make a discriminating appraisal of the possible biases and motivations of the witnesses. In other words, has a reasonably complete picture of the witness' apparent prejudices been developed?

*Id.* at 819 (citing *United States v. Tracey*, 675 F.2d 433 (1st Cir.1982); *United States v. Fortes*, 619 F.2d 108 (1st Cir.1980)).

LCpl S steadfastly denied that the incident took place, and the members had no evidence before them by which they could conclude that the witness was untruthful in his denial and therefore was biased against appellant and thus had a motive to testify falsely against him. Although the members had other reasons to disbelieve LCpl S, the military judge's exclusion of this evidence resulted in an incomplete picture of the witness' reasons and motive to lie and left the members to speculate as to his possible bias against the accused.

Thus, we conclude that the military judge abused his discretion in excluding extrinsic evidence of the witness' bias and motive to testify falsely. We conclude that the error was prejudicial as to those convictions in which LCpl S's credibility and testimony were substantial factors in the conviction. His testimony was "the heart of the Government's case," *United States v. Bahr*, 33 M.J. 228, 234 (C.M.A.1991), as to Charge I and its Specification and specification 2 of the Additional Additional Charge II. Accordingly, we

set aside those findings of guilty. We conclude that the error did not affect the other findings of guilty.

## II.

■ In his third assignment of error,[2] appellant contends that the military judge erred in informing the members of appellant's guilty pleas to the two periods of unauthorized absence. Certainly, this practice was discouraged when this trial was held. In this case, however, the nature of the offenses of which appellant pled guilty was unrelated to that of the contested offenses. *See United States v. Davis,* 26 M.J. 445 (C.M.A.1988); *United States v. Smith,* 23 M.J. 118 (C.M.A. 1986). As importantly, the defense specifically stated that it had no objection to informing the members of the guilty pleas. The military judge gave specific instructions to the members concerning their consideration of the guilty pleas both in preliminary instructions and in instructions prior to findings. *See United States v. Rivera,* 23 M.J. 89 (C.M.A.1986), *cert. denied,* 479 U.S. 1091, 107 S.Ct. 1302, 94 L.Ed.2d 157 (1987). Moreover, objections to instructions must be made prior to the members' commencement of deliberations or they are waived absent plain error. R.C.M. 920(f). Nothing in this record indicates that informing the members of the guilty pleas was tantamount to a miscarriage of justice. *See United States v. Fisher,* 21 M.J. 327 (C.M.A.1986). Based on this record, we have no hesitation in finding not only that any error in this regard was waived but that it was harmless as well.

## III.

■ Next, the defense asserts error[3] on the ground that the military judge included defense witnesses as well as government witnesses in his instruction regarding the questionable nature of accomplice testimony. Assuming error arguendo, unless it is of such magnitude as to constitute plain error, it is waived by trial defense counsel's failure to object to the instruction prior to the court's closing for deliberations. *United States v. Davis,* 32 M.J. 166 (C.M.A.1991); R.C.M. 920(f). The instruction regarding the credibility of witnesses that supplements the accomplice instruction is very similar to that given by the military judge in *Davis.* We conclude that no plain error occurred.

## IV.

The fifth assignment of error[4] is without merit. After granting relief as to the first assignment of error,[5] we affirm the remaining findings of guilty as correct in law and fact.

We have considered the efficacy of a rehearing on the dismissed specifications and conclude that a rehearing is no longer appropriate. Accordingly, Charge I and its Specification and Specification 2 of Additional Additional Charge II are dismissed. The remaining charges and specifications encompass offenses that clearly merit a substantial sentence to include a punitive discharge; we conclude beyond any doubt that they would result in a bad-conduct discharge, substantial forfeitures, and lengthy confinement at trial. The confinement portion of the approved sentence has run. Accordingly, we reassess the sentence under the principles of *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990) and *United States v. Sales,* 22 M.J. 305 (C.M.A.1986) and affirm the sentence as adjudged and approved on review below, but disapprove that portion of the sentence as

2. THE MILITARY JUDGE ERRED BY PROVIDING THE MEMBERS WITH A COPY OF THE CHARGES AND SPECIFICATIONS TO WHICH APPELLANT HAD ENTERED PLEAS OF GUILTY, AND INFORMING THEM OF APPELLANT'S GUILTY PLEAS, PRIOR TO THE GOVERNMENT'S CASE ON THE MERITS.

3. THE MILITARY JUDGE'S INSTRUCTIONS TO THE MEMBERS REGARDING THE USE OF ACCOMPLICE TESTIMONY WAS ERRONEOUS AND MISLEADING.

4. APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL PURSUANT TO RULE FOR COURTS–MARTIAL 707(D). (FOOTNOTE OMITTED.)

5. THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT THE OFFENSES TO WHICH APPELLANT ENTERED PLEAS OF NOT GUILTY.

provides for total forfeiture of all pay and allowances.